**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| M.H. and J.H., on behalf of their minor child C.H., <br><br> Plaintiffs, <br><br> v. <br><br> OMEGLE.COM, LLC, <br><br> Defendant. | Case No. 8:21-cv-00814-VMC-TGW |

**DEFENDANT OMEGLE.COM, LLC'S REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS THE
<u>AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

DISCUSSION ..........................................................................................................................1

I. Plaintiffs Fail to Establish Any Applicable Exclusion to CDA 230 Immunity With Respect to Any of Their Claims ...............................................1

    A. The Intolerable Nature of Child Pornography Does Not Negate CDA 230 Immunity or Establish a Violation of Section 2252A ...................................................................................................2

    B. Plaintiffs Ignore the *Kik* Decision, Which is Fatal to Their Attempt to Avoid CDA 230 Immunity Based on Section 1591 ............5

II. Plaintiffs' Attempt to Save Their Hybrid COPPA/VPPA Claim Fails ..........6

III. Plaintiffs Offer No Meaningful Defense of Their State Law Claims .............8

IV. Plaintiffs Have No Entitlement to Discovery In Light of Their Failure to Plead Any Plausible Claim for Relief ..........................................................10

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................................6, 10

*Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS,
    2014 U.S. Dist. LEXIS 52151 (S.D. Fla. Apr. 8, 2014) ..........................................8

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) .............................10

*Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 U.S. Dist. LEXIS 93348
    (E.D. Tex. Dec. 27, 2006)........................................................................................3

*Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242 (S.D. Fla. 2020) ...........................5, 6

*Hubbard v. Google LLC*, No. 19-cv-07016-BLF,
    2020 U.S. Dist. LEXIS 239936 (N.D. Cal. Dec. 21, 2020)....................................6

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) ......10

*Tilton v. Playboy Entm't Group, Inc.*, 554 F.3d 1371 (11th Cir. 2009) ...........................4

**Statutes and Rules**

18 U.S.C. § 1591 ................................................................................................... passim

18 U.S.C. § 1595.................................................................................................1, 2

18 U.S.C. § 2252A ................................................................................................ passim

18 U.S.C. § 2710(a)(3)..........................................................................................7

47 U.S.C. § 230 ..................................................................................................... passim

47 U.S.C. § 230(e)(1).............................................................................................1, 3

47 U.S.C. § 230(e)(5)(A) ...................................................................................... passim

**Other Authority**

RESTATEMENT (SECOND) OF TORTS § 821B, cmt. g........................................................9

In its Motion to Dismiss, Omegle demonstrated that Plaintiffs' claims sought to treat it as the publisher or speaker of content from a user of its website and were thus barred by CDA 230. Alternatively, it established that, even ignoring CDA 230, Plaintiffs failed to allege any plausible claim for relief. In their Opposition, Plaintiffs fail to refute Omegle's showing on either point, effectively conceding their merit. Moreover, by not seeking leave to further amend their complaint, Plaintiffs implicitly acknowledge that the identified deficiencies cannot be cured by amendment. As a result, Omegle respectfully requests that Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice.

## DISCUSSION

I.  **Plaintiffs Fail to Establish Any Applicable Exclusion to CDA 230 Immunity With Respect to Any of Their Claims**

As an initial matter, Plaintiffs make no attempt to argue that their state law claims are not barred by CDA 230, instead focusing only on their federal claims based on the child pornography and sex trafficking criminal statutes. By ignoring Omegle's showing that CDA 230 bars their state law claims, they implicitly concede the point. Additionally, with respect to the claims based on alleged violations of the federal criminal statutes, they fail to refute Omegle's showing that neither of the two limited exclusions to CDA 230 immunity— Section 230(e)(1), which solely excludes prosecutions under federal criminal statutes, and Section 230(e)(5)(A) (added by FOSTA), which only excludes civil actions under 18 U.S.C. § 1595 that involve conduct that constitutes a violation of 18 U.S.C. § 1591—applies to Plaintiffs' claims.

## A. The Intolerable Nature of Child Pornography Does Not Negate CDA 230 Immunity or Establish a Violation of Section 2252A

Although Plaintiffs discuss at length the harms of child pornography and the desire to recompense the victims of that crime, they fail to offer any rebuttal to Omegle's showing that: (1) CDA 230 bars their claim seeking to treat it as the publisher or speaker of the child pornography allegedly created by the other user; and (2) no exclusion to CDA 230 immunity applies. Instead, they make a number of inaccurate assertions, none of which refute Omegle's showing that CDA 230 bars Plaintiffs' claim for damages based on alleged violation of the federal child pornography criminal statute.

For example, Plaintiffs assert that FOSTA's limited exception to immunity in Section 230(e)(5)(A) also "applies to 18 U.S.C. 2255." (Dkt. 67 at 11.) But the unambiguous language of Section 230(e)(5)(A)—which references only 18 U.S.C. §§ 1591 and 1595—belies that assertion. Similarly without merit is their new assertion that they do not seek to treat Omegle as the publisher or speaker of third-party content because "C.H. ultimately published and created the content in question and C.H. is a minor." (Dkt. 67 at 11-12.) But regardless of whether C.H. or the other "John Doe" user individually or jointly created the content at issue, the undisputed fact remains that Omegle *did not* create or distribute the content, as Plaintiffs concede in making this assertion. Indeed, even as alleged by Plaintiffs, Omegle solely provides a neutral communications tool.

Plaintiffs also incorrectly assert that Omegle argued that "only criminals can be liable for all child pornography offenses." (Dkt. 67 at 13.) To the contrary,

Omegle made the amply supported point that the cases hold that only federal criminal prosecutions are excluded from CDA 230 immunity by Section 230(e)(1), while civil claims based on violations of federal criminal statutes are barred. (Dkt. 61 at 16-17.) Similarly, their assertion that Omegle "overextends" the holding of *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 U.S. Dist. LEXIS 93348 (E.D. Tex. Dec. 27, 2006) falls flat. Although they suggest that *Bates* was decided "under a prior statutory scheme" (Dkt. 67 at 14), they fail to point to any alleged difference that would render its on-point conclusion (involving the same statute that they allege Omegle violated) that the "plain text of the [CDA] establishes that the 230(e)(1) exception does not encompass private civil claims." Appendix 1 at 29, adopted by *Bates*, 2006 U.S. Dist. LEXIS 93348 at *12.[1] As the R&R in *Bates* recognized, "Congress did intend to treat civil and criminal claims differently and carefully crafted Section 230(e)(1) to achieve exactly that result." Id. at 31.

Therefore, as Omegle has demonstrated, and as Plaintiffs have failed to rebut: (1) Plaintiffs' claim for damages based on a violation of 18 U.S.C. § 2252A indisputably seeks to hold Omegle liable as the publisher or speaker of the child pornography allegedly created by the third-party user and is therefore barred by CDA 230; and (2) neither the exclusion from immunity under Section 230(e)(1) for prosecution of federal criminal statutes, nor any other exclusion, applies. As a result, their first cause of action is barred by CDA 230.

Although the Court need not reach the issue given CDA 230 immunity,

---

[1] Because the Report and Recommendation ("R&R") adopted by the District Court is not available via Lexis, for the Court's convenience, a copy is attached in Appendix 1.

3

Plaintiffs also fail to allege facts that plausibly establish that Omegle knowingly violated the child pornography statute, 18 U.S.C. § 2252A. Plaintiffs argue that Omegle "knowingly" violated that statute—which requires a person to knowingly possess or access material that contains an image of child pornography—because "they [sic] had reason to suspect that they would [possess sexually explicit or pornographic images of C.H. and other minors]." (Dkt. 67 at 15.) But even the cases Plaintiffs cite state that "the scienter requirement found in . . . [Section] 2252A(a) extends both to the sexually explicit nature of the material and to the age of the performer." *Tilton v. Playboy Entm't Group, Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009). While "deliberate ignorance" may satisfy the knowledge element in some circumstances, *id.*, there must still be some evidence of knowledge as to the specific victim and the nature of the content alleged to be child pornography. Here, Plaintiffs do not, and cannot, allege that Omegle had <u>any knowledge</u> about C.H. or the content or nature of any images the other user allegedly created of her prior to the filing of this lawsuit. Even at this point, the only "knowledge" Omegle can be said to have is based on the allegations made by Plaintiffs. Therefore, Plaintiffs do not, and cannot, allege that Omegle possessed or accessed any images of C.H. that constituted child pornography under any applicable knowledge standard. To conclude that Omegle could be liable under such circumstances would in effect improperly read the knowledge element out of the statute. Nor do Plaintiffs offer any support for the proposition that Omegle can be held liable based solely on "the overriding purpose of 18 U.S.C. 2255." (Dkt. 67 at 19.) To the contrary, Plaintiffs

must demonstrate that Omegle committed the acts criminalized by Section 2252A, which they cannot do. Thus, even if CDA 230 did not bar their claim for an alleged violation of Section 2252A, that claim fails on its own merit.

### B. Plaintiffs Ignore the *Kik* Decision, Which is Fatal to Their Attempt to Avoid CDA 230 Immunity Based on Section 1591

Plaintiffs also fail to rebut Omegle's showing that Section 230(e)(5)(A)'s exclusion from CDA 230 immunity does not apply as they do not, and cannot, plausibly allege conduct that constitutes a violation of 18 U.S.C. § 1591.

Plaintiffs' sole argument in an attempt to save their claim based on an alleged violation of Section 1591 is that Omegle purportedly "knowingly" benefitted from unidentified "cappers" who allegedly used its website to target other users, citing a line of cases involving sex trafficking claims against hotels.[2] But Plaintiffs ignore the fact that none of the hotel cases they rely on involved CDA 230 and its limited exclusion from immunity for conduct that violates Section 1591. Even more tellingly, Plaintiffs ignore the directly on point *Kik* case, discussed at length in Omegle's Motion. (Dkt. 61 at 19-22.) In *Kik*, the Southern District of Florida analyzed the language of FOSTA's limited exception to CDA 230 immunity for conduct that violates Section 1591 and concluded that it permitted websites like Omegle to be stripped of immunity only if plaintiff alleged facts that plausibly established actual knowledge, *i.e.*, that it "knowingly

---

[2] While the Court need not reach the issue given CDA 230 immunity, it is notable that Plaintiffs ignore Omegle's showing that in order to prove that it "participated in a venture" under Section 1591, they must, but cannot, establish either a direct association with the trafficker or facts from which the court could reasonably infer a tacit agreement with the trafficker. (Dkt. 61 at 22-24.) Without such a showing, Plaintiffs' allegations that Omegle benefitted from the activities of its users (allegations which themselves are exceedingly vague) are irrelevant.

5

participated in the sex trafficking venture involving" the victim. *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242, 1251 (S.D. Fla. 2020). Allegations of knowledge about other sex trafficking incidents allegedly occurring on the website are insufficient to meet this actual knowledge standard. *Id.*

Plaintiffs, in ignoring the *Kik* decision, neither show that its conclusion does not apply equally here nor allege any facts plausibly establishing this actual knowledge standard on the part of Omegle. As a result, Plaintiffs fail to show that Section 230(e)(5)(A)'s limited exception to immunity applies and their claim for an alleged violation of Section 1591 fails.

## II.     Plaintiffs' Attempt to Save Their Hybrid COPPA/VPPA Claim Fails

As their Opposition shows, Plaintiffs improperly use the VPPA in an attempt to get around the fact that COPPA provides no private right of action. *See Hubbard v. Google LLC*, No. 19-cv-07016-BLF, 2020 U.S. Dist. LEXIS 239936, *17 (N.D. Cal. Dec. 21, 2020).

**No Video Tape Service Provider ("VTSP").** Plaintiffs inaccurately assert that (1) they adequately pled that Omegle is a VTSP despite the fact that they merely repeated the statutory definition and (2) Omegle denied being a VTSP because it provides "live-streaming services." (Dkt. 67 at 23.) But Omegle stated that it is not a VTSP because its real-time chat service does not involve the rental, sale or delivery of "prerecorded video cassette tapes or similar audio visual materials." (Dkt. 61 at 25.) Contrary to their assertion, the Court is not required to accept Plaintiffs' conclusory allegation that merely repeats the statutory language. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**C.H. Was Not A Subscriber.** Plaintiffs incorrectly argue that C.H. was a "subscriber" under the VPPA because during the single time she used the website she elected to join two chats. They also falsely state that C.H. "sign[ed] in" to the website. (Dkt. 67 at 24.) But that is inconsistent with their own allegation that no sign-in was required. (Dkt. 48 ¶ 36.) Nor is there any support for their statement that C.H. had to "move through" a "long list of disclaimers" before entering the chat. (Dkt. 67 at 24.) Regardless, none of these inaccurate assertions establish the "something more" that Omegle demonstrated is necessary to be a "subscriber" under the VPPA. (Dkt. 61 at 26-27.)

**No VPPA-Defined PII Was Disclosed.** Plaintiffs assert that Omegle disclosed PII as defined by COPPA. (Dkt. 67 at 24-25.) They ignore the narrow definition of PII in the VPPA that is directed at the statute's limited purpose, e.g., preventing the unauthorized disclosure of individuals' video viewing activities. 18 U.S.C. § 2710(a)(3). They offer no authority to support the remarkable proposition that they can import a definition from an inapplicable statute to replace the definition of the same term in the statute upon which their claim is based. Nor are their various allegations about what COPPA may require (Dkt. 67 at 26), relevant to the VPPA claim. As Omegle demonstrated, the FAC is devoid of allegations that it disclosed information that is by itself capable of identifying (1) C.H., (2) prerecorded video material, and (3) the connection between the two (e.g., that she requested or obtained specifically-identified video material). While Plaintiffs argue that unspecified "geolocation" is PII (a point Omegle does not concede), even assuming that were accurate, they fail to plausibly allege facts

demonstrating that the "geolocation" satisfied (2) and (3) of the PII definition.

### III. Plaintiffs Offer No Meaningful Defense of Their State Law Claims.

In support of their state law claims, Plaintiffs offer nothing but conclusory statements without factual or legal support. And, as to their claim for "ratification/vicarious liability," they say nothing at all, which should be taken as a concession that the claim is properly dismissed. *See Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, *18 (S.D. Fla. Apr. 8, 2014).

**Intentional Infliction of Emotional Distress ("IIED").** For the first time in their Opposition, Plaintiffs appear to suggest that their IIED claim is based on the "ongoing risk of the distribution of C.H.'s child pornography". (Dkt. 67 at 27.) But the conduct underlying this claim alleged in the FAC is a purported failure to monitor and protect the users of the Omegle website. (Dkt. 48 ¶ 116.) As Omegle demonstrated, and Plaintiffs fail to challenge, such conduct (in addition to being encompassed within CDA 230 immunity) does not rise to the extremely high level of outrageous conduct necessary for an IIED claim. (Dkt. 61 at 30-31.) Therefore, even ignoring CDA 230, Plaintiffs' IIED claim fails on its own merit.

**Intrusion Upon Seclusion.** In response to Omegle's showing that they failed to state a claim for intrusion upon seclusion, Plaintiffs assert only that "electronic" intrusions are actionable and that "publication is not required." (Dkt. 67 at 27.) But that is effectively no response to the showing that this claim is fatally flawed because, among other things, they cannot satisfy the high standard for outrageous conduct required for this tort. (Dkt. 61 at 31-33.) Thus, the intrusion claim fails on its own merits (in addition to being barred by CDA 230).

8

**Negligence.** Plaintiffs' defense of its negligence claim is replete with conclusory assertions unsupported by factual support. Plaintiffs' assertion that they are not attempting to hold Omegle responsible for not protecting C.H. from other users of the site is belied by the FAC, which indisputably makes such a claim. (*See, e.g.*, Dkt. 48 ¶¶ 105-110, 116.) For the first time in their Opposition, Plaintiffs assert that the "facts of this case" demonstrate that Omegle has a "special relationship" with C.H. (Dkt. 67 at 28.) But they notably fail to point to any of those alleged facts or provide any legal authority from which any unspecified "special relationship" could arise. Similarly, they assert that "[m]ultiple legal obligations" require Omegle to protect the users of its website from other users but fail to identify a single such obligation. (Dkt. 67 at 28.) Finally, Plaintiffs state that C.H. was harmed by the creation and disclosure of the child pornography by the third-party user. (Dkt. 67 at 27.) But the existence of that harm does not establish a duty owed by Omegle and Plaintiffs offer no authority to establish that it does. Thus, Plaintiffs have failed to establish the existence of a legal duty owed by Omegle to users of its website.

**Nuisance.** In an attempt to rescue their nuisance claim, Plaintiffs assert that other members of the "general public" were harmed by Omegle's chat service. But this argument misses the mark. As Omegle demonstrated (Dkt. 61 at 36-37), fundamental to a public nuisance claim is an interference with a "public right," which is a right "common to all members of the general public." RESTATEMENT § 821B, cmt. g. But they do not, and cannot, identify any such "public right" with respect to Omegle's chat service. Thus, in addition to being

9

barred by CDA 230 (Dkt. 61 at 12), the nuisance claim fails on the merits.

### IV. Plaintiffs Have No Entitlement to Discovery in Light of Their Failure to Plead Any Plausible Claim for Relief.

Plaintiffs repeatedly claim that they are "entitled" to discovery on their claims, asserting (without explanation) that "[a]ll evidence is in the primary—if not exclusive—control of Omegle." (Dkt. 67 at 11.) But there is no entitlement to discovery where, as here, Plaintiffs fail to state any plausible claim for relief, whether as a result of CDA 230 immunity or a failure on the merits. They are not entitled to engage in a fishing expedition merely because they think that they may be able to discover some unspecified evidence to support a claim they cannot allege now. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (internal quotation marks omitted); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) (CDA 230 provides *immunity from suit* not just a defense to liability). Moreover, Plaintiffs implicitly concede that they cannot plausibly allege any additional facts that would rescue their claims by failing to ask the Court for leave to further amend their complaint.

## CONCLUSION

Therefore, for the reasons stated herein, Omegle respectfully requests that Plaintiffs' FAC be dismissed in its entirety and with prejudice.

DATED: July 9, 2021                 Respectfully submitted,

| FOCAL PLLC | THOMAS & LoCICERO PL |
|---|---|
| By: s/ *Stacia N. Lay*<br>Stacia N. Lay, *Pro Hac Vice*<br>Venkat Balasubramani, *Pro Hac Vice*<br>900 1st Avenue S., Suite 201<br>Seattle, Washington 98134<br>Telephone: (206) 529-4827<br>stacia@focallaw.com<br>venkat@focallaw.com | By: s/ *James J. McGuire*<br>James J. McGuire (FBN 187798)<br>601 South Boulevard<br>Tampa, Florida 33606<br>Telephone: (813) 984-3060<br>jmcguire@tlolawfirm.com<br><br>Daniela B. Abratt (FBN 118053)<br>915 Middle River Dr., Suite 309<br>Fort Lauderdale, Florida 33304<br>Telephone: (954) 703-3416<br>dabratt@tlolawfirm.com |

*Attorneys for Defendant Omegle.com, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2021, a true and correct copy of the foregoing will be served electronically through the Clerk of Court's CM/ECF filing system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to any parties that do not participate in the CM/ECF filing system.

s/ *Stacia N. Lay*
Stacia N. Lay
