UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M. H. and J.H.,
on behalf of their minor child,
C.H.,

    Plaintiff,
v.                            Case No. 8:21-cv-814-VMC-TGW

OMEGLE.COM LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. For the reasons set forth below, the amended complaint (Doc. # 48) is dismissed as a shotgun pleading and the Motion to Dismiss the Amended Complaint (Doc. # 61) is denied as moot.

**I.  Background**

Plaintiffs M. H. and J.H. initiated this action on behalf of their minor child C.H. on August 25, 2020. (Doc. # 1). After the case was transferred to this Court, Plaintiffs filed an amended complaint against Defendant Omegle.com LLC, asserting claims for: violation of 18 U.S.C. § 2255(a) (Count I), violation of 18 U.S.C. §§ 1591 and 1595 (Count II), violation of the Video Privacy Protection Act (Count III), intrusion upon seclusion (Count IV), negligence (Count V), intentional infliction of emotional distress (Count VI),

1

ratification/vicarious liability (Count VII), and public nuisance (Count VIII). (Doc. # 48). The central allegation of the amended complaint is that Omegele, a "website that enables individuals to communicate with random individuals across the world anonymously via text and video," knew of and profited from its website used by child predators to exploit children, including Plaintiffs' minor child. (Id. at 2-16).

Omegele has moved to dismiss the amended complaint on the merits. (Doc. # 61). However, because the Court determines that the amended complaint is a shotgun complaint, the amended complaint must be dismissed on that basis with leave to amend.

## II. Discussion

The Court has an independent obligation to dismiss a shotgun pleading. "If, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene sua sponte and order a repleader." McWhorter v. Miller, Einhouse, Rymer & Boyd, Inc., No. 6:08-cv-1978-GAP-KRS, 2009 WL 92846, at *2 (M.D. Fla. Jan. 14, 2009) (emphasis omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of

all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, the amended complaint is a shotgun pleading because it falls within the first category identified in Weiland. Counts II, III, IV, V, VI, VII, and VIII roll many if not all of the preceding allegations, including allegations contained in previous counts, into each count. (Doc. # 48 at ¶¶ 76, 86, 94, 103, 115, 123, 128). For example, Count VIII incorporates all the preceding paragraphs of the amended complaint, including the prior seven counts. (Id. at ¶ 128). This is impermissible. See Weiland, 792 F.3d at 1322

3

(identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun complaint).

Accordingly, the complaint is dismissed as a shotgun pleading. See Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (affirming the district court's sua sponte dismissal of a shotgun pleading). However, the Court grants leave to amend. See Madak v. Nocco, No. 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018) ("Because the [complaint] is a shotgun complaint, repleader is necessary[.]").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The amended complaint (Doc. # 48) is sua sponte **DISMISSED** as a shotgun pleading.

(2) Plaintiffs may file a second amended complaint that is not a shotgun pleading by **September 29, 2021.**

(3) As the Court has dismissed the amended complaint as a shotgun pleading, Defendant Omegle.com LLC's Motion to Dismiss the Amended Complaint (Doc. # 61) is **DENIED as moot.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of September, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE