UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| M.H. and J.H., on behalf of their minor child C.H., <br><br> Plaintiffs, <br><br> v. <br><br> OMEGLE.COM, LLC, <br><br> Defendant. | Case No. 8:21-cv-00814-VMC-TGW |

**DEFENDANT'S UNOPPOSED MOTION REQUESTING**
**LEAVE TO FILE A MOTION TO DISMISS IN EXCESS OF 25 PAGES**

Defendant Omegle.com, LLC ("Omegle") hereby moves for leave to file a motion to dismiss Plaintiffs' Second Amended Complaint ("SAC") in excess of twenty-five (25) pages. Omegle requests that the page limit for its motion and memorandum in support be expanded by seven (7) pages for a total of not more than thirty two (32) pages. In support of this Motion, Omegle states as follows:

1. On June 8, 2021, Omegle filed a motion to dismiss Plaintiffs' First Amended Complaint ("FAC") pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. 61.) The Court had previously granted Omegle's motion for leave to file a motion to dismiss in excess of the 25-page limit – specifically, Omegle requested and was granted leave to file a 30-page motion. (Dkts. 59, 60.)

2. After briefing on the motion to dismiss was complete, on September 15, 2021, the Court dismissed the FAC on the ground that it was a "shotgun pleading," ordered Plaintiffs to file an amended complaint, and denied Omegle's motion to dismiss as moot. (Dkt. 74.) Consistent with that Order,

1

Plaintiffs filed their SAC on September 29. (Dkt. 75.)

3. Local Rule 3.01(a), as well as this Court's Case Management and Scheduling Order (Dkt. 56), provide that no motion longer than 25 pages may be filed. A party may seek leave to file a motion in excess of that limit but "must specify the need for, and the length of, the proposed motion." Local Rule 3.01(a).

4. As described in Omegle's motion for excess pages in connection with its prior motion to dismiss, the FAC made a significant number of new, substantive allegations and added four new causes of action—including claims alleging violation of the federal child pornography criminal statute and federal sex trafficking statute. These extensive amendments significantly expanded the allegations, claims and defenses in this case and implicated complicated issues involving, among others, the interplay of Section 230 of the Communications Decency Act and the new claims based on alleged violation of federal criminal statutes. (*See* Dkt. 59 at 2.)

5. Also, in the interim between the completion of briefing on Omegle's prior motion to dismiss and the filing of the SAC, there have been several new decisions that relate to that complicated issue of Section 230 and claims based on alleged violations of the federal child pornography and sex trafficking statutes, which necessarily must be discussed in Omegle's motion to dismiss the SAC.

6. Thus, in order to appropriately and adequately present these issues to the Court, it is necessary for Omegle to exceed the 25 page limit. Omegle has diligently made good faith efforts to stay within the page limit but the number and complexity of the issues, including new case law bearing on the issues,

necessitates Omegle's request for an expansion of that limit.

7. This Motion is made in good faith and is not intended to burden the Court with unnecessarily lengthy briefing. Omegle has therefore limited its request to only 7 pages in excess of the 25 page limit.

8. Plaintiffs do not oppose this request to exceed the page limitation for Omegle's motion to dismiss and memorandum in support by 7 pages.

WHEREFORE, Defendant Omegle.com, LLC respectfully requests that the Court enter an order granting this Motion and order that the page limit for Omegle's anticipated motion to dismiss and memorandum in support be expanded by 7 pages for a total of not more than 32 pages.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant Omegle.com, LLC represents that they have conferred with counsel for Plaintiffs and Plaintiffs do not oppose the relief requested in this Motion.

DATED: October 5, 2021               Respectfully submitted,

| FOCAL PLLC | THOMAS & LoCICERO PL |
|---|---|
| By: s/ *Stacia N. Lay*<br>    Stacia N. Lay, *Pro Hac Vice*<br>    Venkat Balasubramani, *Pro Hac Vice*<br>    900 1st Avenue S., Suite 201<br>    Seattle, Washington 98134<br>    Telephone: (206) 529-4827<br>    stacia@focallaw.com<br>    venkat@focallaw.com | By: s/ *James J. McGuire*<br>    James J. McGuire (FBN 187798)<br>    601 South Boulevard<br>    Tampa, Florida 33606<br>    Telephone: (813) 984-3060<br>    jmcguire@tlolawfirm.com<br><br>    Daniela B. Abratt (FBN 118053)<br>    915 Middle River Dr., Suite 309<br>    Fort Lauderdale, Florida 33304<br>    Telephone: (954) 703-3416<br>    dabratt@tlolawfirm.com |

*Attorneys for Defendant Omegle.com, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, a true and correct copy of the foregoing will be served electronically through the Clerk of Court's CM/ECF filing system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to any parties that do not participate in the CM/ECF filing system.

s/ *Stacia N. Lay*
Stacia N. Lay
