# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| M.H. and J.H., on behalf of their minor child C.H., | Case No. 8:21-cv-00814-VMC-TGW |
| Plaintiffs, | |
| v. | |
| OMEGLE.COM, LLC, | |
| Defendant. | |

## DEFENDANT OMEGLE.COM, LLC'S REPLY
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE
## SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

# TABLE OF CONTENTS

DISCUSSION.............................................................................................................1

I.      Plaintiffs Fail to Show Any Applicable Exception to CDA 230
        Immunity .....................................................................................................1

        A.      The Intolerable Nature of the Content at Issue Does Not
                Negate CDA 230 Immunity or Establish a Violation of
                Section 2252A ...................................................................................1

        B.      Plaintiffs Fail to Overcome CDA 230 Immunity With Respect
                to Their Claim Under Sections 1591 and 1595.......................6

II.     Plaintiffs' Attempt to Save Their Hybrid COPPA/VPPA Claim Fails..........8

III.    Plaintiffs Offer No Meaningful Defense of Their State Law Claims..............9

IV.     No Entitlement to Discovery Where No Plausible Claim for Relief............11

CONCLUSION .........................................................................................................11

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................8, 11

*Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS,
 2014 U.S. Dist. LEXIS 52151 (S.D. Fla. Apr. 8, 2014) .........................................9

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) .............................11

*Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 U.S. Dist. LEXIS 93348
 (E.D. Tex. Dec. 27, 2006)...................................................................................2, 3

*Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242 (S.D. Fla. 2020) ...........................6, 7

*Doe v. Reddit, Inc.*, No. SACV 21-768 JVS (KESx) (C.D. Cal. Oct. 7, 2021).........2, 6, 7

*Doe v. Twitter, Inc.*, No. 21-cv-00485-JCS,
 2021 U.S. Dist. LEXIS 157158 (N.D. Cal. Aug. 19, 2021)...................................6

*Force v. Facebook, Inc.*, 934 F.3d 53 (2d Cir. 2019) ..........................................................3

*Gonzalez v. Google LLC*, 2 F.4th 871 (9th Cir. 2021) ......................................................2

*Grandrimo v. Parkcrest Harbour Island Condo. Ass'n, Inc.*,
 No. 8:10-CV-964-T-27MAP,
 2011 U.S. Dist. LEXIS 12947 (M.D. Fla. Feb. 9, 2011) .......................................4

*Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579 (S.D.N.Y. 2018) ...................................3, 4

*Hubbard v. Google LLC*, No. 19-cv-07016-BLF,
 2020 U.S. Dist. LEXIS 239936 (N.D. Cal. Dec. 21, 2020)...................................8

*In re BitConnect Sec. Litig.*, No. 18-cv-80086,
 2019 U.S. Dist. LEXIS 231976 (S.D. Fla. Aug. 23, 2019) ...................................4

*J.B. v. G6 Hosp., LLC*, No. 19-cv-07848-HSG,
 2021 U.S. Dist. LEXIS 170338 (N.D. Cal. Sept. 8, 2021)................................6, 7

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) ......11

*Tilton v. Playboy Entm't Grp., Inc.*, 554 F.3d 1371 (11th Cir. 2009) .............................5

## Statutes and Rules

18 U.S.C. § 1591 ................................................................................................1, 2, 6, 7

18 U.S.C. § 1595 ................................................................................................1, 2, 6, 7

18 U.S.C. § 2252A .................................................................................................. passim

18 U.S.C. § 2252A(a) .....................................................................................................5

18 U.S.C. § 2255 ............................................................................................................2

18 U.S.C. § 2710(a)(3) ...................................................................................................9

47 U.S.C. § 230 ...................................................................................................... passim

47 U.S.C. § 230(e)(1) ..............................................................................................1, 2, 3

47 U.S.C. § 230(e)(5)(A) .......................................................................................1, 2, 6, 7

## Other Authority

RESTATEMENT (SECOND) OF TORTS § 821B, cmt. g ......................................................11

At its core, Plaintiffs' Second Amended Complaint ("SAC") asserts that Omegle is liable for failing to adequately police its website and monitor its users. But as Omegle demonstrated in its Motion to Dismiss, such claims fall squarely within the scope of CDA 230 immunity and no exception to immunity applies. Alternatively, Omegle established that, even ignoring CDA 230, Plaintiffs failed to allege any plausible claim for relief. Plaintiffs fail to refute Omegle's showing on either point or otherwise demonstrate that the SAC states any viable claim for relief under the applicable pleading standard. As a result, Omegle respectfully requests that the SAC be dismissed in its entirety, with prejudice.

## DISCUSSION

## I.     Plaintiffs Fail to Show Any Applicable Exception to CDA 230 Immunity

Plaintiffs do not argue that their state law claims are outside the scope of CDA 230. Thus, they should be deemed to have conceded that CDA 230 bars those claims. As to the claims for alleged violations of the federal criminal statutes, they fail to refute Omegle's showing that the two limited exclusions to CDA immunity – (1) Section 230(e)(1), which solely excludes *prosecutions* under federal criminal statutes, and (2) Section 230(e)(5)(A) (added by FOSTA), which only excludes civil claims under 18 U.S.C. § 1595 that involve conduct that constitutes a violation of 18 U.S.C. § 1591 – do not apply to their claims.

### A.     The Intolerable Nature of the Content at Issue Does Not Negate CDA 230 Immunity or Establish a Violation of Section 2252A

Plaintiffs discuss at length the harms of child pornography and the desire to compensate victims of that crime. But they fail to refute Omegle's showing

1

that: (1) CDA 230 bars their claim seeking to treat it as the publisher or speaker of the child pornography allegedly created by the other user and that the carveout for prosecutions under federal criminal statutes does not apply; and (2) even ignoring CDA 230, Plaintiffs cannot state a claim for violation of § 2252A.

**No Exception to CDA 230 for the § 2252A Claim.** Plaintiffs make several inaccurate assertions, none of which refute the conclusion that CDA 230 bars their civil claim for alleged violation of § 2252A. For example, they assert that FOSTA's limited exception to immunity in § 230(e)(5)(A) also "applies to 18 U.S.C. § 2255." (Dkt. 81 at 11.) But the unambiguous language of § 230(e)(5)(A) references **_only_** 18 U.S.C. §§ 1591 and 1595. Nor does Plaintiffs' standing argument based on § 2255 (Dkt. 81 at 13-14) have any bearing on CDA immunity.

Plaintiffs also assert that Omegle argued that "only individuals can be liable for child pornography offenses." (Dkt. 81 at 15.) But that is incorrect and a non sequitur; Omegle demonstrated that the cases hold that **_only_** federal criminal prosecutions are excluded from CDA immunity by § 230(e)(1), while civil claims based on federal criminal statutes are barred. (Dkt. 78 at 15-16.) Plaintiffs also attempt to discount the decision in *Doe v. Bates*, No. 5:05-CV-91-DF-CMC, 2006 U.S. Dist. LEXIS 93348 (E.D. Tex. Dec. 27, 2006) as "obscure" and out-of-date. But they ignore the *Reddit* decision that was issued on October 7, 2021 and which relied on *Bates* to reach the same conclusion. (Dkt. 78 at 16.) Numerous other recent cases also hold that § 230(e)(1)'s exception to CDA immunity is limited to criminal prosecutions. *See, e.g.*, *Gonzalez v. Google LLC*, 2 F.4th 871, 890 (9th Cir. 2021) ("Courts have consistently held that § 230(e)(1)'s limitation on § 230

immunity extends only to criminal prosecutions, and not to civil actions based on criminal statutes."); *Force v. Facebook, Inc.*, 934 F.3d 53, 72 (2d Cir. 2019) (joining the First Circuit "in concluding that Section 230(e)(1) is quite clearly . . . limited to criminal prosecutions") (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2761 (2020). Despite dismissing *Bates* as "obscure," Plaintiffs fail to cite a single case supporting their reading of § 230(e)(1)'s limited exception. Their references to the DOJ manual or federal law enforcement schemes (Dkt. 81 at 12, 14) are irrelevant and in no way rebut Omegle's showing that § 230(e)(1)'s exception for criminal prosecutions does not apply to their civil claim for violation of § 2252A.

**Attempts to Recast the Claim Cannot Negate CDA Immunity.** Similarly without merit is Plaintiffs' assertion that they don't seek to treat Omegle as the publisher or speaker of third-party content because they claim it is liable for "knowingly receiv[ing] value by knowingly creating a dangerous forum." (Dkt. 81 at 12.) But their first claim alleges that Omegle violated § 2252A by "knowingly possess[ing] child pornography of C.H." allegedly created by the other user. (Dkt. 75 ¶¶ 72, 74.) Thus, their assertion in their Opposition is irrelevant to the § 2252A claim. In any event, their claims fall squarely within CDA immunity because they "depend on a connection between the safety features [Omegle] allegedly is missing" and the content of other users of the site. *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 590-91 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019).

Nor can Plaintiffs amend this claim via their Opposition to recast it as claim for "trafficking child pornography" or "knowingly facilitat[ing] the

production of [C.H.'s] child pornography". (Dkt. 81 at 12, 13.) Even assuming that such a cause of action exists (which Omegle does not concede), claims cannot be amended in an opposition to a motion to dismiss. *Grandrimo v. Parkcrest Harbour Island Condo. Ass'n, Inc.*, No. 8:10-CV-964-T-27MAP, 2011 U.S. Dist. LEXIS 12947, *18 (M.D. Fla. Feb. 9, 2011). Their vague reference to a "product defect claim[]" (Dkt. 81 at 12) – which is not alleged in the SAC and is irrelevant to their claims under the federal criminal statutes – should also be rejected. And the attempt to avoid CDA immunity by relying on an (unpleaded) product design claim fails as such claims have been rejected where, as here, the website provides neutral communication tools that "are not intrinsically offensive or unlawful." *Herrick*, 306 F. Supp. 3d at 589-90. Nor do Plaintiffs point to **_any_** specific allegations in the SAC plausibly alleging that Omegle "materially contributed" to the content at issue created by the user. *In re BitConnect Sec. Litig.*, No. 18-cv-80086, 2019 U.S. Dist. LEXIS 231976, *35-38 (S.D. Fla. Aug. 23, 2019) (finding negligence claim against YouTube "thoroughly foreclosed" by CDA 230 despite extensive use of YouTube by perpetrators of investment scheme).

**Even Absent CDA 230, the § 2252A Claim Fails.** Although the Court need not reach the issue given CDA immunity, Plaintiffs also fail to allege facts that plausibly establish that Omegle **_knowingly_** violated the child pornography statute. They allege that Omegle violated that statute – which requires a person to knowingly possess or access with intent to view material that contains an image of child pornography – because it "received a thing of value, promised that they [sic] monitor the activity on their [sic] website, and were aware of

'cappers,' or predators on their [sic] platform." (Dkt. 81 at 15.) But they fail to explain how such purported "knowledge makes [Omegle] liable" (id.) for knowingly possessing or accessing with intent to view child pornography. Nor does their unsupported assertion that Omegle purportedly "knowingly matched minors like C.H. with predators like 'Doe'" (id. at 16) allege any knowledge relevant to, or supportive of, their claim for violation of § 2252A.

Plaintiffs' attempt to do away with **_any_** knowledge element to establish a violation of § 2252A should be rejected. Even the cases they cite hold that "the scienter requirement found in . . . [§] 2252A(a) extends both to the sexually explicit nature of the material and to the age of the performer." *Tilton v. Playboy Entm't Grp., Inc.*, 554 F.3d 1371, 1378 (11th Cir. 2009). While "deliberate ignorance" may satisfy the knowledge element in some circumstances, *id.*, there must still be **_some_** evidence of knowledge as to the specific victim and the nature of the content alleged to be child pornography. Here, Plaintiffs do not allege that Omegle had **_any knowledge_** about C.H. or the nature of any image the other user allegedly created of her prior to the filing of this lawsuit. Plaintiffs effectively concede this point by relying on either general alleged knowledge about the misuse of its platform by some users or other alleged knowledge unrelated to their claim for knowingly possessing or accessing with intent to view child pornography. (Dkt. 81 at 9-10, 12-13.) Therefore, Plaintiffs do not allege that Omegle possessed or accessed any images of C.H. that constituted child pornography under **_any_** applicable knowledge standard. Thus, even if CDA 230 did not bar their § 2252A claim, that claim fails on its own merit.

**B.    Plaintiffs Fail to Overcome CDA 230 Immunity With Respect to Their Claim Under Sections 1591 and 1595**

Plaintiffs also fail to rebut Omegle's showing that § 230(e)(5)(A)'s immunity exclusion does not apply as they do not, and cannot, plausibly allege that Omegle's conduct constitutes a violation of 18 U.S.C. § 1591. In fact, they essentially offer no response to Omegle's showing that other courts have recently joined the Southern District of Florida in concluding that to overcome CDA immunity, they must show that Omegle's "conduct amounts to a violation of section 1591." *J.B. v. G6 Hosp., LLC*, No. 19-cv-07848-HSG, 2021 U.S. Dist. LEXIS 170338, *18 (N.D. Cal. Sept. 8, 2021). (*See also* Dkt. 78 at 17-21.) Rather, they continue to rely on a series of sex trafficking cases against hotels (Dkt. 81 at 21-22), which do not involve CDA 230 and are therefore inapposite (Dkt. 78 at 20).

Although Plaintiffs make a single cite to *Doe v. Twitter, Inc.*, No. 21-cv-00485-JCS, 2021 U.S. Dist. LEXIS 157158 (N.D. Cal. Aug. 19, 2021) – which reached the opposite conclusion of the decisions in *Doe v. Kik Interactive, Inc.*, 482 F. Supp. 3d 1242 (S.D. Fla. 2020), *J.B.*, 2021 U.S. Dist. LEXIS 170338, and *Doe v. Reddit, Inc.*, No. SACV 21-768 JVS (KESx) (C.D. Cal. Oct. 7, 2021) – they fail to offer any defense of that decision in response to Omegle's showing that the court's analysis does not withstand scrutiny (*see* Dkt. 78 at 19-21). Moreover, it is notable that since this Motion was filed, the court granted Twitter's motion to certify the decision for interlocutory appeal, concluding that there were "substantial ground[s] for difference of opinion" and stayed all proceedings pending appeal. (Appendix A at 1-2.) Therefore, the weight of authority (ignored

by Plaintiffs) holds that to prove an exception to CDA 230 immunity for a claim under § 1595, Plaintiffs must show that Omegle's conduct constitutes a violation of § 1591. *See Reddit*, Dkt. 78-1 at 11-12; *J.B.*, 2021 U.S. Dist. LEXIS 170338 at *18; *Kik*, 482 F. Supp. 3d at 1249. Plaintiffs have not done so here.

Plaintiffs fail to make any showing that Omegle either directly engaged in the alleged sex trafficking of C.H. or knowingly (based on an actual knowledge standard) benefitted from participating in the alleged sex trafficking venture of C.H. To the contrary, they offer only conclusory assertions that parrot the language of § 1591. (*See* Dkt. 81 at 19, 21, 22.) The only purported support they cite for their claim are general allegations about Omegle's alleged awareness of other incidents occurring on the website. (*See* id. at 22 (citing Dkt. 75 ¶¶ 39-40, 43-44, 51, 55).) But it is unchallenged by Plaintiffs that such generalized knowledge is insufficient to "satisfy FOSTA's requirement that the conduct underlying the claim violate [§ 1591]." *Kik*, 482 F. Supp. 3d at 1251. Further, as Omegle demonstrated (*see* Dkt. 78 at 24-26), even under the lower *mens rea* standard of § 1595 (which does not apply here), such generalized allegations do not show either the necessary "direct association" or "continuous business relationship" between the user who allegedly engaged in the sex trafficking of C.H. and Omegle that would establish the existence of a "venture."

Thus, because Plaintiffs do not show that (1) § 230(e)(5)(A)'s limited exception to immunity applies or (2) alternatively, that even absent immunity, Omegle participated in a "venture" with C.H.'s alleged trafficker, their second claim fails as a matter of law.

II.     **Plaintiffs' Attempt to Save Their Hybrid COPPA/VPPA Claim Fails**

Plaintiffs' Opposition demonstrates starkly that they seek to allege a

COPPA claim – which is unavailable to them – ***not*** any claim under the VPPA.

*See Hubbard v. Google LLC*, No. 19-cv-07016-BLF, 2020 U.S. Dist. LEXIS 239936,

*17-25 (N.D. Cal. Dec. 21, 2020). But for any or all of the following reasons, their

VPPA claim should be dismissed.

First, Plaintiffs mischaracterize Omegle's explanation of why it does not

meet the definition of a VTSP. (Dkt. 81 at 22.) Omegle is not a VTSP because its

real-time chat service (not a "live-streaming" service) does not involve the rental,

sale or delivery of "prerecorded video cassette tapes or similar audio visual

materials." (Dkt. 78 at 28-29.) Nor is the Court required to accept Plaintiffs'

conclusory allegation that merely repeats the statutory definition. *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).

Second, Plaintiffs incorrectly argue that C.H. was a "subscriber" under the

VPPA because during the single time she used the website she joined two chats.

The paragraphs cited by Plaintiffs lend no support to this incorrect allegation.

(Dkt. 81 at 23.) Nor do they offer any support for the assertion that "[u]pon

loading the Omegle website, C.H. had to do more than simply download[] an

application" or explain how that demonstrates C.H. is a "subscriber" under the

VPPA. (Id.) Regardless, these inaccurate assertions do not show the "something

more" that is necessary to be a "subscriber" under the VPPA. (Dkt. 78 at 29-30.)

Finally, Plaintiffs assert that Omegle disclosed PII ***as defined by COPPA***.

(Dkt. 81 at 23-24.) They ignore the VPPA's narrow PII definition that reflects the

statute's limited purpose (e.g., preventing disclosure of individuals' video viewing activities). 18 U.S.C. § 2710(a)(3). They offer no authority for the proposition that they can import a definition from an inapplicable statute and ignore the definition of the same term in the statute upon which their claim is based. As Omegle demonstrated, the SAC is devoid of allegations that Omegle disclosed information that is by itself capable of identifying (1) C.H., (2) prerecorded video material, ***and*** (3) the connection between the two (e.g., that she requested or obtained specifically-identified video material). (Dkt. 78 at 30-31.) Plaintiffs argue that unspecified "geolocation" is PII (improperly citing COPPA). Even assuming that were true, they fail to plausibly allege facts demonstrating that the "geolocation" met (2) and (3) of the VPPA's PII definition.

## III.   Plaintiffs Offer No Meaningful Defense of Their State Law Claims

With respect to their state law claims, Plaintiffs offer nothing but conclusory statements without factual or legal support. And, as to their claim for "ratification/vicarious liability," they say nothing at all, which is a concession that the claim is properly dismissed. *See Brady v. Medtronic, Inc.*, No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, *17-18 (S.D. Fla. Apr. 8, 2014).

**Intentional Infliction of Emotional Distress ("IIED").** Plaintiffs assert that their IIED claim is based on the "ongoing risk that C.H.'s child pornography will be distributed," which risk "compounds the trauma." (Dkt. 81 at 24.) But the SAC alleges this claim is based on a purported failure to monitor and protect users of the Omegle website. (Dkt. 75 ¶ 132.) Plaintiffs' assertion at most alleges a purported injury but fails to demonstrate that they can satisfy the core elements

9

of an IIED claim. As Omegle showed, a purported failure to monitor website users (in addition to being encompassed within CDA immunity) does not rise to the extremely high level of outrageous conduct necessary for an IIED claim. (Dkt. 78 at 32-33.) Thus, even ignoring CDA 230, this claim fails on its own merit.

**Intrusion Upon Seclusion.** In response to Omegle's showing that they failed to state a claim for intrusion upon seclusion, Plaintiffs assert only that "electronic" intrusions are actionable and that "publication is not required." (Dkt. 81 at 25.) But that is effectively no response to the showing that this claim is fatally flawed because, among other things, they cannot satisfy the high standard for outrageous conduct required for this tort. (Dkt. 78 at 33-36.) Thus, the intrusion claim fails on its own merits (in addition to being barred by CDA 230).

**Negligence.** Plaintiffs' defense of their negligence claim is replete with conclusory assertions lacking any factual support that do not demonstrate the existence of a legal duty owed by Omegle to protect or monitor users of its site. For example, Plaintiffs claim – without support – that Omegle had a "role in the creation of C.H.'s child sex abuse images." (Dkt. 81 at 25.) Not only is that false, it also does not establish that Omegle has a legal duty to "provide a safe online community." (Dkt. 75 ¶ 119.) Nor does Plaintiffs' vague and wholly unsupported assertion that Omegle's "monitoring policies" and "strategies . . . to report child pornography . . . material" support the existence of a legal duty. (Dkt. 81 at 25.) Thus, even ignoring CDA immunity, Plaintiffs fail to establish the existence of a general legal duty owed by Omegle to protect users of its website.

**Nuisance.** On their nuisance claim, Plaintiffs assert vaguely that

10

"Omegle's activities damage children." (Dkt. 81 at 26.) But as Omegle showed (Dkt. 78 at 38-39), fundamental to a public nuisance claim is an interference with a "public right," which is a right "common to all members of the general public." RESTATEMENT § 821B, cmt. g. But Plaintiffs do not, and cannot, identify any such "public right" with respect to Omegle's chat service. Thus, in addition to being barred by CDA 230 (Dkt. 78 at 11), the nuisance claim fails on the merits.

## IV.    No Entitlement to Discovery Where No Plausible Claim for Relief

Plaintiffs repeatedly claim that they are "entitled" to discovery. But there is no entitlement to discovery where they fail to state any plausible claim for relief, whether as a result of CDA 230 immunity or a failure on the merits. *See Iqbal*, 556 U.S. at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Discovery . . . is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.") (internal quotation marks omitted); *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) (CDA 230 provides *immunity from suit* not just a defense to liability). Plaintiffs implicitly concede that they cannot plausibly allege any other facts that would rescue their claims by failing to ask the Court for leave to amend their complaint for a third time.

## CONCLUSION

Therefore, for the reasons stated herein, Omegle respectfully requests that Plaintiffs' SAC be dismissed in its entirety and with prejudice.

DATED:   November 15, 2021      Respectfully submitted,

FOCAL PLLC                                    THOMAS & LoCICERO PL

By:   s/ *Stacia N. Lay*                        By:   s/ *James J. McGuire*
     Stacia N. Lay, *Pro Hac Vice*                     James J. McGuire (FBN 187798)
     Venkat Balasubramani, *Pro Hac Vice*              601 South Boulevard
     900 1st Avenue S., Suite 201                      Tampa, Florida 33606
     Seattle, Washington 98134                         Telephone: (813) 984-3060
     Telephone: (206) 529-4827                         jmcguire@tlolawfirm.com
     stacia@focallaw.com
     venkat@focallaw.com                               Daniela B. Abratt (FBN 118053)
                                     915 Middle River Dr., Suite 309
                                     Fort Lauderdale, Florida 33304
                                     Telephone: (954) 703-3416
                                     dabratt@tlolawfirm.com

*Attorneys for Defendant Omegle.com LLC*

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2021, a true and correct copy of the foregoing will be served electronically through the Clerk of Court's CM/ECF filing system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail, postage prepaid, to any parties that do not participate in the CM/ECF filing system.

s/ *Stacia N. Lay*
Stacia N. Lay

13