UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| M.H. and J.H., on behalf of their minor child C.H.,<br><br>Plaintiffs,<br><br>v.<br><br>OMEGLE.COM LLC,<br><br>Defendant. | Case No. 8:21-cv-00814-VMC-TGW |

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING DECISION ON MOTION TO DISMISS**

Defendant Omegle.com LLC ("Omegle") hereby moves to stay discovery in this action until resolution of the pending motion to dismiss Plaintiffs' Second Amended Complaint. Omegle submits that good cause exists to temporarily stay discovery in this action and, as necessary, adjust the subsequent case deadlines, following the Court's decision on the motion to dismiss.

**BACKGROUND**

Plaintiffs initially filed this action in the District of New Jersey. (*See* Dkt. 1.) In November 2020, Omegle moved to dismiss Plaintiffs' original complaint based on a lack of personal jurisdiction over Omegle as well as challenges to the merits of Plaintiffs' claims, including immunity under Section 230 of the Communications Decency Act ("CDA 230"). (*See* Dkts. 10, 17.) The District of New Jersey granted the motion solely on the basis of a lack of personal jurisdiction over Omegle and the case was transferred to this Court pursuant to the stipulation of the parties on April 9, 2021. (*See* Dkts. 17, 20, 21-22.)

1

On April 16, 2021, the Court directed Plaintiffs to file an amended complaint by April 30. (Dkt. 27.) Plaintiffs sought, and were granted, an extension to file their amended complaint to May 17, 2021. (Dkt. 36.) Plaintiffs filed their first amended complaint—which added new claims and new allegations—on May 17. (Dkt. 48.) In light of the significant amendments to Plaintiffs' complaint, Omegle sought, and was granted, a short extension of the time to respond to the first amended complaint until June 8, 2021. (Dkt. 53.) Omegle filed its motion to dismiss Plaintiffs' first amended complaint on June 8th, again challenging the merits of all of Plaintiffs' claims under FED. R. CIV. P. 12(b)(6), including based on CDA 230 immunity. (Dkts. 61, 74.) On September 15, 2021, the Court *sua sponte* dismissed Plaintiffs' first amended complaint as a shotgun pleading and therefore denied Omegle's motion to dismiss as moot. The Court ordered that Plaintiffs could file a second amended complaint by September 29, 2021. (Dkt. 74 at 4.)

Plaintiffs filed the third version of their complaint – the Second Amended Complaint – on September 29, 2021. (Dkt. 75.) On October 13, Omegle timely filed a motion to dismiss Plaintiffs' Second Amended Complaint in its entirety, again alleging that Plaintiffs failed to state any claim for relief, including based on CDA 230 immunity. (Dkt. 78.) The motion to dismiss was fully briefed as of November 15th, when Omegle filed its permitted reply. (*See* Dkts. 83, 84.)

In light of the pending motion to dismiss Plaintiffs' Second Amended Complaint, which could potentially dispose of this case in its entirety, on October 26, 2021, the parties filed a joint motion requesting a 60-day extension of

the remaining case deadlines, including the most immediate deadline at that time, the parties' expert disclosures. (Dkt. 79.) The Court denied the motion that same day. (Dkt. 80.) As a result, the parties have each served their expert disclosures in accordance with the deadlines set by the Court. (Declaration of Stacia N. Lay in Support of Defendant's Motion to Stay Discovery Pending Decision on Motion to Dismiss ¶ 2.) In light of the current case schedule, Omegle served initial sets of discovery requests on Plaintiffs on December 7, 2021. As of the filing of this Motion, Plaintiffs have not served discovery requests on Omegle nor have depositions been noticed (although the parties have begun discussing scheduling and procedure). (Lay Decl. ¶ 3.)

## DISCUSSION

"Federal courts have broad discretion to stay proceedings as part of their inherent authority to control their docket." *Baker Cty. Med. Servs. Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, No. 3:18-cv-1510-J-20MCR, 2020 U.S. Dist. LEXIS 258612, *2 (M.D. Fla. Apr. 30, 2020). Though a stay is not automatic upon the filing of a motion to dismiss, the Eleventh Circuit has recognized that resolving such dispositive motions prior to discovery can be warranted in circumstances such as those existing here. "Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted).

3

Discovery imposes significant costs on the parties, regardless of whether a party is seeking or responding to discovery. It also imposes burdens on the Court to the extent it is necessary to resolve discovery disputes. *Id.* at 1367-68 (detailing the costs on the parties and the burden on the judicial system); *see also Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, No. 13-20122-CIV-HUNT, 2013 U.S. Dist. LEXIS 199359, *2 (S.D. Fla. Nov. 21, 2013) ("A stay of discovery prevents parties from incurring unnecessary discovery costs in the event the dispositive motion is granted.").

Generally, the party seeking a stay has the burden of demonstrating good cause for, and the reasonableness of, the requested stay. *Baker Cty.*, 2020 U.S. Dist. LEXIS 258612 at *3. Good cause and reasonableness have been established where the pending motion appears to have merit on a "preliminary peek" and may dispose of the action in its entirety, and where there is not likely to be significant prejudice to the plaintiff. *See, e.g.*, *Baker Cty.*, 2020 U.S. Dist. LEXIS 258612 at *4 (granting motion to stay discovery where motion to dismiss appeared meritorious and would dispose of plaintiff's claims and where "no exceptional circumstances . . . militate[d] against a stay"); *George & Co. LLC v. Cardinal Indus., Inc.*, No. 2:18-cv-154-FtM-38MRM, 2019 U.S. Dist. LEXIS 62898, *3-4 (M.D. Fla. Feb. 19, 2019) (granting motion to stay where motion to dismiss raised "potentially meritorious challenges" to plaintiff's fourth amended complaint); *Ave Maria Univ. v. Sebelius*, No. 2:12-cv-88-FtM-99SPC, 2012 U.S. Dist. LEXIS 200792, *6 (M.D. Fla. Nov. 28, 2012) (granting stay where grant of motion to dismiss was a possibility and stay would not cause plaintiff "any significant

4

harm"). Here, the requested stay of discovery pending decision on Omegle's motion to dismiss Plaintiffs' Second Amended Complaint in its entirety is both reasonable and supported by good cause.

First, Omegle's motion to dismiss the third iteration of Plaintiffs' complaint is potentially case dispositive. As outlined in that motion, Omegle makes meritorious arguments that each of Plaintiffs' claims – with only one possible exception – are barred by CDA 230. (*See* Dkt. 78 at 11-27.) And with respect to the only claim that may not clearly fall within CDA 230 immunity (an issue not conceded), the claim under the Video Privacy Protection Act, that claim is simply inapplicable to this case, as demonstrated in the motion to dismiss. (*See* Dkt. 78 at 27-31.) Omegle further demonstrated that even absent CDA 230 immunity, Plaintiffs' state law claims fail on their merits as a matter of law. (*See* Dkt. 78 at 31-40.) Therefore, Omegle's motion to dismiss is meritorious.

Additionally, a number of courts have held that CDA 230 is intended to "protect[] websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) (en banc) ("*Roommates.com*")); *Fyk v. Facebook, Inc.*, No. C 18-05159 JSW, 2019 U.S. Dist. LEXIS 234960, *3 (N.D. Cal. June 18, 2019) ("The immunity, 'like other forms of immunity, is generally accorded effect at the first logical point in the litigation process' because 'immunity is an immunity from suit rather than a mere defense to liability.'") (quoting *Nemet*, 591 F.3d at 254), *aff'd*, 808 F. App'x 597 (9th Cir.

5

2020), *cert. denied*, 141 S. Ct. 1067 (2021). *See also Roommates.com*, 521 F.3d at 1174 (stating that close cases must be resolved in favor of immunity "lest we cut the heart out of section 230 by forcing websites to face death by ten thousand duck-bites").

Courts in the Eleventh Circuit have granted motions to stay discovery in analogous cases involving questions of immunity raised by pending dispositive motions. For example, in *Cook v. Taylor*, the Middle District of Alabama stayed all discovery obligations pending a ruling on defendant's motion to dismiss, which raised a number of case-dispositive issues, including the defense of sovereign immunity. No. 2:18-CV-977-WKW, 2019 U.S. Dist. LEXIS 42406, *1-2, 4-5 (M.D. Ala. Mar. 15, 2019). In so ordering, the court stated that "authorities [of the Eleventh Circuit] signal that the court should not allow discovery in the face of a pending motion to dismiss that tests the legal sufficiency of the complaint— especially when that motion also asserts an immunity defense." *Id.* at *4-5. *See also Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) (discussing Eleventh Circuit authority that establishes that "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted").

Second, Omegle has acted diligently in seeking to dismiss Plaintiffs' complaints in this action and complying with the deadlines set by the Court in the absence of extensions or other modifications to the case schedule. In response to each version of Plaintiffs' complaint, Omegle has promptly sought dismissal raising, among other purely legal questions, CDA 230 immunity in each of its three motions to dismiss. Omegle only sought extensions of the time to respond

to Plaintiffs' complaint in two instances—first, at the outset of the case and second, in connection with Plaintiffs' first amended complaint, which added significant new claims and allegations. (*See* Dkts. 5, 52-53.) Nonetheless, there is yet to be a ruling on Omegle's challenges to the merits of Plaintiffs' complaint and therefore there are no definitive, operative pleadings in this case that would necessarily inform the nature and scope of discovery. *See* FED. R. CIV. P. 26(b)(1) (the scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (noting that "every claim has the potential to enlarge the scope and cost of discovery" and therefore dismissing nonmeritorious claims before discovery can avoid "unnecessary costs to the litigants and to the court system").

Third, there is no harm to Plaintiffs, much less significant harm, if discovery is stayed temporarily until the motion to dismiss is ruled upon and, if necessary based on that decision, the remaining case deadlines are adjusted accordingly. As of the filing of this Motion, Plaintiffs have served no discovery requests on Omegle. Nor have depositions yet been noticed. (Lay Decl. ¶ 3.) Courts in the Eleventh Circuit have concluded that a stay of discovery was appropriate even in cases where, unlike here, plaintiffs had served discovery. *See, e.g., George & Co.*, 2019 U.S. Dist. LEXIS 62898 at *3; *Pereira v. Regions Bank*, No. 6:12-cv-1383-Orl-22TBS, 2012 U.S. Dist. LEXIS 159696, *1-2, 4-5 (M.D. Fla. Nov. 7, 2012). Additionally, Omegle requests that, as a necessary component of the motion to stay discovery, the subsequent case deadlines be modified to the

7

extent necessary based on the Court's decision on the pending motion to dismiss. Therefore, granting a temporary stay would not prejudice the parties' ability to conduct necessary discovery prior to, for example, the mediation or summary judgment motion deadlines, if appropriate after the Court's decision on the motion to dismiss.

In contrast, Omegle has incurred, and will continue to incur, significant costs in connection with discovery despite the pending motion to dismiss Plaintiffs' Second Amended Complaint in its entirety. For example, Omegle has incurred the significant expense of retaining and disclosing several experts in response to the experts disclosed by Plaintiffs. Omegle has also prepared and served initial sets of discovery requests on Plaintiffs in order to ensure it complies with the current discovery deadline. (Lay Decl. ¶¶ 2-3.) The costs of discovery for all parties will only continue to mount in the absence of a stay, all while there is no resolution of Omegle's preliminary challenge to the sufficiency of Plaintiffs' claims in this action and in the absence of operative pleadings.

Therefore, Omegle's request for a motion to stay discovery – and adjustment of the subsequent case deadlines as necessary – pending decision on Omegle's motion to dismiss is amply supported by good cause and is reasonable.

## CONCLUSION

Staying discovery pending resolution of Omegle's third motion to dismiss is a reasonable means for avoiding further unnecessary costs of the parties and advancing judicial efficiency. Omegle's motion to dismiss may be case dispositive and raises an issue of immunity that should be resolved prior to

substantial litigation of Plaintiffs' claims. Moreover, until Omegle's motion to dismiss is resolved, there are no operative pleadings in this case, which necessarily inform the appropriate and necessary scope of discovery. Nor will there be prejudice to Plaintiffs in temporarily staying discovery (and adjusting the subsequent deadlines if necessary) until such time as preliminary challenges to the merits of their claims are resolved. For all of these reasons, Omegle respectfully requests that the Court stay discovery in this case pending decision on the motion to dismiss and, as necessary, adjust the remaining case deadlines once that decision is entered.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for Defendant Omegle.com LLC represents that they have conferred with counsel for Plaintiffs who indicated they would not agree to a request to stay discovery. During the conference, the parties also discussed in general terms as an alternative, an extension of the discovery and mediation deadlines. However, the parties did not reach agreement on the relief requested in this Motion. (*See* Lay Decl. ¶ 4.)

DATED:   December 16, 2021         Respectfully submitted,

FOCAL PLLC                                              THOMAS & LoCICERO PL

By:  s/ *Stacia N. Lay*                                  By:  s/ *James J. McGuire*
    Stacia N. Lay, *Pro Hac Vice*                      James J. McGuire (FBN 187798)
    Venkat Balasubramani, *Pro Hac Vice*         601 South Boulevard
    900 1st Avenue S., Suite 201                       Tampa, Florida 33606
    Seattle, Washington 98134                         Telephone: (813) 984-3060
    Telephone: (206) 529-4827                         jmcguire@tlolawfirm.com
    stacia@focallaw.com
    venkat@focallaw.com                                  Daniela B. Abratt (FBN 118053)
                                                 915 Middle River Dr., Suite 309

                                          Fort Lauderdale, Florida 33304
                                        Telephone: (954) 703-3416
                                        dabratt@tlolawfirm.com

*Attorneys for Defendant Omegle.com LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2021, a true and correct copy of the foregoing will be served electronically through the Clerk of Court's CM/ECF filing system.

                                        s/ *Stacia N. Lay*
                                        Stacia N. Lay