# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

Elizabeth M. Warren                                             Kristin Esposito
Clerk of Court                                          Tampa Division Manager

**DATE:** January 31, 2022

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

M. H. and J. H.,

     Plaintiffs,

v.                                             Case No: 8:21-cv-814-VMC-TGW

OMEGLE.COM LLC,

     Defendant.

**U.S.C.A. Case No.:**     **TO BE ASSIGNED**

Enclosed are documents and information relating to an appeal in the above-referenced action.  Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Virginia M. Hernandez Covington, United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals.  If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

- No hearing from which a transcript could be made.

                       ELIZABETH M. WARREN, CLERK

                       By:     s/L. Richards, Deputy Clerk

APPEAL, CLOSED, MEDIATION, TRLSET

# U.S. District Court
## Middle District of Florida (Tampa)
## CIVIL DOCKET FOR CASE #: 8:21−cv−00814−VMC−TGW

M.H. et al. v. Omegle.com LLC
Assigned to: Judge Virginia M. Hernandez Covington
Referred to: Magistrate Judge Thomas G. Wilson
Case in other court:  New Jersey, 2:20−cv−11294
Cause: 28:1332 Diversity−Personal Injury

Date Filed: 04/09/2021
Date Terminated: 01/10/2022
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**M. H.**
*on behalf of their minor child, C.H.*

represented by **Frank Rocco Schirripa**
Hach Rose Schirripa & Cheverie
545 Hall of Justice
Suite 10th Floor
Rochester, NY 10016
212−213−8311
Email: fschirripa@hrsclaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hillary Mara Nappi**
Hach Rose Schirripa & Cheverie LLP
112 Madison Ave
New York, NY 10016
646−992−8138
Email: hnappi@hrsclaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer Freeman**
Marsh Law Firm
31 Hudson Yards, 11th Flr
New York, NY 10001
212−372−3030
Email: jenniferfreeman@marsh.law
*ATTORNEY TO BE NOTICED*

**Margaret Elizabeth Mabie**
Marsh Law Firm PLLC
31 Hudson Yards, 11th Floor
New York, NY 10001
315−296−9046
Email: margaretmabie@marsh.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

1

**Plaintiff**

**J. H.**                                      represented by   **Frank Rocco Schirripa**
*on behalf of their minor child, C.H.*                         (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Hillary Mara Nappi**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jennifer Freeman**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Margaret Elizabeth Mabie**
                                                               (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Omegle.com LLC**                             represented by   **James J. McGuire**
                                                               Thomas & LoCicero, PL
                                                               601 South Blvd
                                                               Tampa, FL 33606−2629
                                                               813/984−3060
                                                               Fax: 813/984−3070
                                                               Email: jmcguire@tlolawfirm.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **James Thomas Prusinowski**
                                                               Trimboli & Prusinowski
                                                               268 South St.
                                                               Morristown, NJ 07960
                                                               973−660−1095
                                                               Fax: 973−349−1307
                                                               Email: jprusinowski@trimprulaw.com
                                                               *TERMINATED: 09/09/2021*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Stacia N. Lay**
                                                               Focal PLLC
                                                               900 Ist Ave. South , Suite 201
                                                               Seattle, WA 98134
                                                               206−529−4827

2

Email: stacia@focallaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Venkat Balasubramani**
Focal PLLC
900 1st Ave. South, Suite 201
Seattle, WA 98134
206−529−4827
Email: venkat@focallaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniela Abratt**
Thomas & LoCicero, PL
915 Middle River Dr Ste 309
Ft Lauderdale, FL 33304−3560
954−703−3416
Email: dabratt@tlolawfirm.com
*ATTORNEY TO BE NOTICED*

**Kimberlee Gunning**
Focal PLLC
900 1st Avenue S.
Suite 201
Seattle, WA 98134
206−529−4827
Email: kim@focallaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mediator**

**Gregory Holder**                    represented by   **Gregory P. Holder**
Zinober Diana and Monteverde PA
607 West Horatio Street
Tampa, FL 33606
813−773−5106
Fax: 727−498−8902
Email: greg@zinoberdiana.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/25/2020 | 1 | | COMPLAINT against OMEGLE.COM LLC ( Filing and Admin fee $ 400 receipt number ANJDC−11255722) with JURY DEMAND, filed by M.H. AND J.H., ON BEHALF OF THEIR MINOR CHILD, C.H.. (Attachments: # 1 Civil Cover Sheet)(NAPPI, HILLARY) [Transferred from njd on 4/9/2021.] (Entered: 08/25/2020) |

| 08/25/2020 | | | Case assigned to Judge Kevin McNulty and Magistrate Judge James B. Clark. (jr) [Transferred from njd on 4/9/2021.] (Entered: 08/25/2020) |
|---|---|---|---|
| 08/25/2020 | 2 | | SUMMONS ISSUED as to OMEGLE.COM LLC. Attached is the official court Summons, please fill out Defendant and Plaintiffs attorney information and serve. (wh) [Transferred from njd on 4/9/2021.] (Entered: 08/25/2020) |
| 10/20/2020 | 3 | | NOTICE of Appearance by JAMES THOMAS PRUSINOWSKI on behalf of All Defendants (PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 10/20/2020) |
| 10/20/2020 | 4 | | STIPULATION re 1 Complaint *Extending time to Answer/Plead* by All Defendants. (PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 10/20/2020) |
| 10/21/2020 | 5 | | STIPULATION AND ORDER extending Defendant Omegle.com's time to move, answer, or otherwise respond to the Complaint up to and including November 20, 2020. Signed by Magistrate Judge James B. Clark on 10/21/20. (jc, ) [Transferred from njd on 4/9/2021.] (Entered: 10/21/2020) |
| 10/21/2020 | | | Answer Due Deadline Update − The 4 Stipulation filed by the parties has been GRANTED. The answer due date for OMEGLE.COM LLC has been set for 11/20/2020. (jc, ) [Transferred from njd on 4/9/2021.] (Entered: 10/21/2020) |
| 11/13/2020 | 6 | | MOTION for Leave to Appear Pro Hac Vice by All Defendants. (Attachments: # 1 Certification of James T. Prusinowski, # 2 Certification of Venkat Balasubramani, # 3 Certification of Stacia Lay, # 4 Text of Proposed Order)(PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 11/13/2020) |
| 11/13/2020 | | | Set Deadlines as to 6 MOTION for Leave to Appear Pro Hac Vice . Motion set for 12/7/2020 before Judge Kevin McNulty. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (lag, ) [Transferred from njd on 4/9/2021.] (Entered: 11/13/2020) |
| 11/16/2020 | 7 | | ORDER granting 6 Motion for Leave to Appear Pro Hac Vice as to Venkat Balasubramani, Esq. and Stacia N. Lay, Esq. etc. Signed by Magistrate Judge James B. Clark on 11/16/2020. (ams, ) Modified on 11/18/2020 (ams, ). [Transferred from njd on 4/9/2021.] (Entered: 11/16/2020) |
| 11/18/2020 | | | Pro Hac Vice fee: $ 300, receipt number NEW043773 as to Venkat Balasubrani and Stacia Lay (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 11/18/2020) |
| 11/18/2020 | 8 | | Notice of Request by Pro Hac Vice Stacia N. Lay to receive Notices of Electronic Filings. (PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 11/18/2020) |
| 11/18/2020 | 9 | | Notice of Request by Pro Hac Vice Venkat Balasubramani to receive Notices of Electronic Filings. (PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 11/18/2020) |
| 11/18/2020 | | | Pro Hac Vice counsel, VENKAT BALASUBRAMANI and STACIA N. LAY, has been added to receive Notices of Electronic Filing. Pursuant to L.Civ.R. |

| | | |
|---|---|---|
| | | 101.1, only local counsel are entitled to sign and file papers, enter appearances and receive payments on judgments, decrees or orders. (lag, ) [Transferred from njd on 4/9/2021.] (Entered: 11/18/2020) |
| 11/20/2020 | 10 | MOTION to Dismiss *Complaint* by All Defendants. Responses due by 12/7/2020 (Attachments: # 1 Brief MOL in supp of Motion, # 2 Declaration Declaration in supp of Motion, # 3 Text of Proposed Order Proposed Order)(PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 11/20/2020) |
| 11/20/2020 | | Set Deadlines as to 10 MOTION to Dismiss *Complaint*. Motion set for 12/21/2020 before Judge Kevin McNulty. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (lag, ) [Transferred from njd on 4/9/2021.] (Entered: 11/20/2020) |
| 11/20/2020 | 11 | NOTICE of Appearance by FRANK ROCCO SCHIRRIPA on behalf of J. H., M. H. (SCHIRRIPA, FRANK) [Transferred from njd on 4/9/2021.] (Entered: 11/20/2020) |
| 11/30/2020 | 12 | Rule 7.1(d)(5) Letter for an automatic extension of the return date of a dispositive motion re 10 MOTION to Dismiss *Complaint* . (NAPPI, HILLARY) [Transferred from njd on 4/9/2021.] (Entered: 11/30/2020) |
| 12/01/2020 | | Reset Deadlines as to 10 MOTION to Dismiss *Complaint*. Motion reset for 1/4/2021 before Judge Kevin McNulty. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk`s Office and does not supersede any previous or subsequent orders from the Court. (nic) Modified on 12/9/2020 (dam). [Transferred from njd on 4/9/2021.] (Entered: 12/01/2020) |
| 12/10/2020 | 13 | STIPULATION re Set/Reset Motion and R&R Deadlines/Hearings, *to January 19, 2021* by OMEGLE.COM LLC. (PRUSINOWSKI, JAMES) [Transferred from njd on 4/9/2021.] (Entered: 12/10/2020) |
| 12/11/2020 | 14 | STIPULATION AND ORDER Extending Time to Respond to Motion to Dismiss. Signed by Judge Kevin McNulty on 12/11/2020. (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 12/11/2020) |
| 12/11/2020 | | Reset Deadlines as to 10 MOTION to Dismiss Complaint. Motion reset for 1/19/2021 before Judge Kevin McNulty. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (ams) Modified on 12/15/2020 (dam). [Transferred from njd on 4/9/2021.] (Entered: 12/11/2020) |
| 01/05/2021 | 15 | MEMORANDUM in Opposition filed by J. H., M. H. re 10 MOTION to Dismiss *Complaint* (Attachments: # 1 Declaration, # 2 Exhibit)(NAPPI, HILLARY) [Transferred from njd on 4/9/2021.] (Entered: 01/05/2021) |
| 01/12/2021 | 16 | REPLY to Response to Motion filed by All Defendants re 10 MOTION to Dismiss *Complaint* (PRUSINOWSKI, JAMES) [Transferred from njd on |

| | | |
|---|---|---|
| | | 4/9/2021.] (Entered: 01/12/2021) |
| 03/19/2021 | 17 | OPINION. Signed by Judge Kevin McNulty on 3/19/2021. (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 03/19/2021) |
| 03/19/2021 | 18 | ORDER that the 10 Motion to Dismiss is GRANTED; This Order will be STAYED for 14 days; Within that period, the parties shall by letter state their proposals regarding whether and where to transfer this case to a district where personal jurisdiction can be asserted. Signed by Judge Kevin McNulty on 3/19/2021. (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 03/19/2021) |
| 04/01/2021 | 19 | STIPULATION re 18 Order on Motion to Dismiss, by J. H., M. H.. (NAPPI, HILLARY) [Transferred from njd on 4/9/2021.] (Entered: 04/01/2021) |
| 04/05/2021 | 20 | STIPULATION AND ORDER for Transfer of Venue to the United States District Court for the Middle District of Florida. Signed by Judge Kevin McNulty on 4/5/2021. (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 04/05/2021) |
| 04/05/2021 | | ***Civil Case Terminated pursuant to 20 Stipulation and Order. (ams, ) [Transferred from njd on 4/9/2021.] (Entered: 04/05/2021) |
| 04/09/2021 | 21 | Case transferred in from District of New Jersey; Case Number 2:20−cv−11294. File received electronically (Entered: 04/09/2021) |
| 04/09/2021 | 22 | TRANSFER IN from the District of New Jersey. Case assigned to District Judge Virginia M. Hernandez Covington and Magistrate Judge Thomas G. Wilson. New Case Number: 8:21−cv−814−VMC−TGW. (JNB) (Entered: 04/09/2021) |
| 04/09/2021 | 23 | NOTICE to counsel Frank Rocco Schirripa, Hillary Mara Nappi, and James Thomas Prusinowski Local Rule 2.01(c), Special Admission of Non−Resident Lawyer − File a Motion to Appear Pro Hac Vice. Co−counsel with filing rights may electronically file the motion on behalf of the non−resident lawyer or the motion may be filed on paper; Pay the Special Admission Fee; Submit a Pro Hac Vice E−File Registration through PACER. Visit www.flmd.uscourts.gov/for−lawyers for details (Signed by Deputy Clerk). (JNB) (Entered: 04/09/2021) |
| 04/09/2021 | 24 | **STANDING ORDER regarding discovery motions. Signed by Magistrate Judge Thomas G. Wilson on 2/1/2021. (DMS) (Entered: 04/09/2021)** |
| 04/09/2021 | 25 | **ENDORSED ORDER: On April 9, 2021, this case was transferred from the District of New Jersey to the Tampa Division of the Middle District of Florida, and assigned to the undersigned. (Doc. # 22). Although following the previous court's order granting Defendant Omegle.com LLC's motion to dismiss for lack of personal jurisdiction, the parties stipulated to transfer to the Middle District of Florida, it is unclear whether the Tampa Division is the proper venue for this case. (Doc. ## 18; 19). Local Rule 1.04(b) states: "A party must begin an action in the division to which the action is most directly connected or in which the action is most conveniently advanced." Accordingly, Omegle.com is directed to provide the Court with more information by April 16, 2021, as to whether this case is most directly connected to the Tampa Division, as opposed to the four other divisions within the Middle District of Florida. Signed by Judge** |

| | | | |
|---|---|---|---|
| | | | Virginia M. Hernandez Covington on 4/9/2021. (AR) (Entered: 04/09/2021) |
| 04/16/2021 | 26 | | RESPONSE re 25 Order; *To Court's Order On Assignment To The Tampa Division* filed by Omegle.com LLC. (Attachments: # 1 Appendix Declaration of Leif K−Brooks)(McGuire, James) (Entered: 04/16/2021) |
| 04/16/2021 | 27 | | **ENDORSED ORDER: On April 9, 2021, this case was transferred from the District of New Jersey to this District, and assigned to the undersigned. (Doc. # 22). Because the court granted the motion to dismiss for lack of personal jurisdiction, Plaintiffs are directed to file an amended complaint by April 30, 2021. In accordance with the Federal Rules of Civil Procedure, Defendant's response is due fourteen days after the amended complaint has been filed. Fed. R. Civ. P. 15(a)(3). Additionally, counsel are directed to meet and confer, in person or by telephone, and by May 20, 2021, file a completed Case Management Report. The Court believes that six to eight months is a sufficient period of time to conduct discovery in the vast majority of cases. If the parties believe that more than eight months will be needed to complete discovery, the parties should provide the Court with a detailed explanation as to why additional time is needed and a timeline for the discovery that is planned. After the Case Management Report is filed, the Court will determine whether a Case Management Hearing is necessary before entry of a Case Management and Scheduling Order. Signed by Judge Virginia M. Hernandez Covington on 4/16/2021. (AR)** (Entered: 04/16/2021) |
| 04/20/2021 | 28 | | Unopposed MOTION for Venkat Balasubramani to appear pro hac vice by Omegle.com LLC. (McGuire, James) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/20/2021) |
| 04/20/2021 | 29 | | Unopposed MOTION for Stacia N. Lay to appear pro hac vice by Omegle.com LLC. (McGuire, James) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/20/2021) |
| 04/22/2021 | 30 | | **ORDER granting 28 Defendant's Unopposed Motion for Venkat Balasubramani to Appear Pro Hac Vice; granting 29 Defendant' Unopposed Motion for Stacia N. Lay to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 4/21/2021. (DMS)** (Entered: 04/22/2021) |
| 04/22/2021 | 31 | | CERTIFICATE of interested persons and corporate disclosure statement by Omegle.com LLC. (McGuire, James) (Entered: 04/22/2021) |
| 04/23/2021 | | | PRO HAC VICE FEES paid by attorney Stacia N. Lay, appearing on behalf of Omegle.com LLC (Filing fee $150 receipt number TPA063727.) Related document: 29 Unopposed MOTION for Stacia N. Lay to appear pro hac vice. (JLD) (Entered: 04/23/2021) |
| 04/23/2021 | | | PRO HAC VICE FEES paid by attorney Ventak Balasubramani, appearing on behalf of Omegle.com LLC (Filing fee $150 receipt number TPA063728.) Related document: 28 Unopposed MOTION for Venkat Balasubramani to appear pro hac vice. (JLD) (Entered: 04/23/2021) |
| 04/28/2021 | 32 | | MOTION for Extension of Time to File Amended Complaint by J. H., M. H. (AG) (Entered: 04/28/2021) |

| 04/28/2021 | 33 | | UNOPPOSED MOTION for Frank R. Schirripa to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/28/2021) |
|---|---|---|---|
| 04/28/2021 | 34 | | UNOPPOSED MOTION for Hillary M. Nappi to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/28/2021) |
| 04/28/2021 | 35 | | UNOPPOSED MOTION for Margaret E. Mabie to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 04/28/2021) |
| 04/29/2021 | 36 | | **ENDORSED ORDER: Plaintiffs' unopposed Motion for Extension of Time (Doc. # 32) is granted. Plaintiffs' amended complaint is now due May 17, 2021. As noted in the Court's previous order, Defendant Omegle.com LLC's response is due fourteen days after the amended complaint is filed. Fed. R. Civ. P. 15(a)(3). Signed by Judge Virginia M. Hernandez Covington on 4/29/2021. (AR)** (Entered: 04/29/2021) |
| 04/30/2021 | 37 | | **ORDER denying without prejudice 33 plaintiffs' Motion for Frank Rocco Shirripa to Appear Pro Hac Vice; denying without prejudice 34 plaintiffs' Motion for Hillary M. Nappi to Appear Pro Hac Vice; denying without prejudice 35 plaintiffs' Motion for Margaret E. Mabie to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 4/30/2021. (DMS)** (Entered: 04/30/2021) |
| 04/30/2021 | | | PRO HAC VICE FEES paid by attorney Frank R. Schirripa (Filing fee $150 receipt number TPA063819.) Related document: 33 MOTION for Frank R. Schirripa to appear pro hac vice. (ARC) (Entered: 04/30/2021) |
| 04/30/2021 | | | PRO HAC VICE FEES paid by attorney Hillary M. Nappi (Filing fee $150 receipt number TPA063819.) Related document: 34 MOTION for Hillary M. Nappi to appear pro hac vice. (ARC) (Entered: 04/30/2021) |
| 04/30/2021 | | | PRO HAC VICE FEES paid by attorney Margaret E. Mabie (Filing fee $150 receipt number TPA063819.) Related document: 35 MOTION for Margaret E. Mabie to appear pro hac vice. (ARC) (Entered: 04/30/2021) |
| 05/03/2021 | 38 | | MOTION for Frank Rocco Schirripa to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/03/2021) |
| 05/03/2021 | 39 | | MOTION for Hillary M. Nappi to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/03/2021) |
| 05/03/2021 | 40 | | MOTION for Margaret E. Mabie to appear pro hac vice by J. H., M. H. (Attachments: # 1 Text of Proposed Order)(AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/03/2021) |
| 05/10/2021 | 41 | | **ORDER denying without prejudice 38 plaintiffs' amended Unopposed Motion for Frank Rocco Shirripa to Appear Pro Hac Vice; denying without prejudice 39 plaintiffs' amended Unopposed Motion for Hillary M. Nappi to Appear Pro Hac Vice; denying without prejudice 40 plaintiff's amended Unopposed Motion for Margaret E. Mabie to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 5/10/2021. (DMS)** |

| | | | |
|---|---|---|---|
| | | | (Entered: 05/10/2021) |
| 05/13/2021 | 42 | | UNOPPOSED MOTION for Margaret E. Mabie to appear pro hac vice by J. H., M. H. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/14/2021) |
| 05/13/2021 | 43 | | UNOPPOSED MOTION for Frank Rocco Schirripa to appear pro hac vice by J. H., M. H. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/14/2021) |
| 05/13/2021 | 44 | | UNOPPOSED MOTION for Hillary M. Nappi to appear pro hac vice by J. H., M. H. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/14/2021) |
| 05/17/2021 | 45 | | **ORDER granting 42 plaintiffs' Motion for Margaret E. Mabie to Appear Pro Hac Vice; granting 44 plaintiffs' Motion for Hillary M. Nappi to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 5/14/2021. (DMS)** (Entered: 05/17/2021) |
| 05/17/2021 | 46 | | **ORDER denying 43 plaintiffs' Motion for Frank Rocco Shirripa to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 5/17/2021. (DMS)** (Entered: 05/17/2021) |
| 05/17/2021 | 47 | | UNOPPOSED THIRD MOTION for Frank Rocco Schirripa to appear pro hac vice by J. H., M. H. (AG) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 05/18/2021) |
| 05/17/2021 | 48 | | AMENDED COMPLAINT against Omegle.com LLC with Jury Demand. filed by M. H., J. H. Related document: 1 Complaint filed by M. H..(AG) (Entered: 05/18/2021) |
| 05/18/2021 | 50 | | CORPORATE disclosure statement by J. H., M. H. (AG) (Entered: 05/19/2021) |
| 05/19/2021 | 49 | | Joint MOTION for Extension of Time to File Case Management Report by Omegle.com LLC. (McGuire, James) (Entered: 05/19/2021) |
| 05/19/2021 | 51 | | **ENDORSED ORDER: The parties' joint "Motion for Agreed Order Extending Time to File Case Management Report" (Doc. # 49) is denied. The Court has an independent obligation to move its cases along and extending the deadline to file the case management report in this fashion does not serve this goal. However, the Court finds a short extension of the deadline appropriate. Accordingly, the parties' case management report is due by May 24, 2021. Signed by Judge Virginia M. Hernandez Covington on 5/19/2021. (AR)** (Entered: 05/19/2021) |
| 05/20/2021 | 52 | | Unopposed MOTION for Extension of Time to File Response/Reply *to Plaintiffs' First Amended Complaint* by Omegle.com LLC. (Lay, Stacia) (Entered: 05/20/2021) |
| 05/20/2021 | 53 | | **ENDORSED ORDER: Defendant Omegle.com, LLC's unopposed Motion for Enlargement of Time to Respond (Doc. # 52) is granted. Omegle's response to the amended complaint is now due June 8, 2021. Signed by Judge Virginia M. Hernandez Covington on 5/20/2021. (AR)** (Entered: 05/20/2021) |
| 05/20/2021 | 54 | | |

| | | | |
|---|---|---|---|
| | | | **ORDER granting <u>47</u> plaintiffs' Unopposed Third Motion for Frank Rocco Schirripa to Appear Pro Hac Vice. Signed by Magistrate Judge Thomas G. Wilson on 5/19/2021. (DMS)** (Entered: 05/20/2021) |
| 05/24/2021 | <u>55</u> | | UNIFORM CASE MANAGEMENT REPORT. (AG) (Entered: 05/24/2021) |
| 05/27/2021 | <u>56</u> | | **CASE MANAGEMENT AND SCHEDULING ORDER: Final Pretrial Conference set for 6/16/2022 at 09:00 AM in Tampa Courtroom 14 B before Judge Virginia M. Hernandez Covington Jury Trial set for the July 2022 trial term in Tampa Courtroom 14 B before Judge Virginia M. Hernandez Covington. Conduct mediation hearing by 1/31/2022. Lead counsel to coordinate dates. Signed by Judge Virginia M. Hernandez Covington on 5/27/2021. (TWL)** (Entered: 05/27/2021) |
| 05/27/2021 | 57 | | **ENDORSED ORDER: In light of the Court's Case Management and Scheduling Order (Doc. # <u>56</u>), no case management hearing will be held. Additionally, in order to keep cases moving on track, the Court has found it necessary to impose some restrictions on the types and number of extensions to case management deadlines that it grants. Thus, the parties are advised that, while short extensions, especially if unopposed, will be favorably considered, the Court will not substantially move the dispositive motions deadline or the trial date. Signed by Judge Virginia M. Hernandez Covington on 5/27/2021. (TWL)** (Entered: 05/27/2021) |
| 05/27/2021 | <u>58</u> | | **ORDER regarding motions for summary judgment. See Order for details. Signed by Judge Virginia M. Hernandez Covington on 5/27/2021. (TWL)** (Entered: 05/27/2021) |
| 06/03/2021 | <u>59</u> | | Unopposed MOTION to File Excess Pages *for Defendant's Motion to Dismiss due June 8, 2021* by Omegle.com LLC. (Lay, Stacia) (Entered: 06/03/2021) |
| 06/04/2021 | 60 | | **ENDORSED ORDER: Defendant Omegle.com, LLC's unopposed "Motion Requesting Leave to File a Motion to Dismiss in Excess of 25 Pages" (Doc. # <u>59</u>) is granted. Omegle.com may file a motion to dismiss, not to exceed 30 pages, by June 8, 2021. Signed by Judge Virginia M. Hernandez Covington on 6/4/2021. (AR)** (Entered: 06/04/2021) |
| 06/08/2021 | <u>61</u> | | MOTION to Dismiss for Failure to State a Claim *Plaintiffs' Amended Complaint 48 and Memorandum of Law in Support* by Omegle.com LLC. (Lay, Stacia) (Entered: 06/08/2021) |
| 06/09/2021 | 62 | | **ORDER TO SHOW CAUSE: This matter comes before the Court sua sponte. James Thomas Prusinowski is not permitted to practice in the Middle District of Florida. Accordingly, the Court directs counsel to show cause, in writing, why his appearance should not be stricken for failure to comply with Local Rule 2.01(a). Counsel has until June 23, 2021, to comply with this Order. Failure to do so will result in counsel's appearance being stricken from the record without further notice from the Court. Further, upon review of the file, the Court finds that the named counsel has not registered for CM/ECF access. Accordingly, the Court directs counsel to register for CM/ECF access by June 23, 2021. Signed by Judge Virginia M. Hernandez Covington on 6/9/2021. (TWL)** (Entered: 06/09/2021) |
| 06/11/2021 | <u>63</u> | | RESPONSE TO ORDER TO SHOW CAUSE re 62 Order filed by Omegle.com LLC. (Abratt, Daniela) (Entered: 06/11/2021) |

| 06/21/2021 | 64 | | **ENDORSED ORDER: On May 27, 2021, the Court entered its case management and scheduling order, directing the parties to file their notice of mediation before Gregory Holder, Esq., within 21 days. (Doc. # 56 at 2). Therefore, the deadline was June 17, 2021. However, a review of the record reveals that no notice has been filed. Accordingly, the parties are directed to file their notice of mediation, indicating the date and time of the mediation conference, by June 23, 2021. Signed by Judge Virginia M. Hernandez Covington on 6/21/2021. (AR)** (Entered: 06/21/2021) |
|---|---|---|---|
| 06/22/2021 | 65 | | NOTICE OF SELECTION of Gregory Holder as mediator by J. H. (Freeman, Jennifer) (Entered: 06/22/2021) |
| 06/23/2021 | 66 | | **ORDER appointing Gregory P. Holder, Esq. as mediator in this action. The mediation conference is scheduled for January 28, 2022, at 10:00 AM. The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement. The Court does not allow mediation by telephone or video conference. Personal attendance is required. Signed by Judge Virginia M. Hernandez Covington on 6/23/2021. (AR)** Modified on 6/23/2021 (AR). (LNR). (Entered: 06/23/2021) |
| 06/29/2021 | 67 | | RESPONSE in Opposition re 61 MOTION to Dismiss for Failure to State a Claim *Plaintiffs' Amended Complaint 48 and Memorandum of Law in Support; Plaintiffs' Response to Defendant Omegle's MTD* filed by J. H., M. H. (Freeman, Jennifer) (Entered: 06/29/2021) |
| 07/02/2021 | 68 | | MOTION for Leave to File Other Document :Reply memorandum in response to Plaintiffs' Opposition to Defendant's Motion to Dismiss by Omegle.com LLC. (Lay, Stacia) (Entered: 07/02/2021) |
| 07/02/2021 | 69 | | **ENDORSED ORDER: Defendant Omegle.com's Motion for Leave to File a Reply (Doc. # 68) is granted. Omegle.com may file a reply in support of its motion to dismiss not to exceed a total of ten pages by July 9, 2021. Signed by Judge Virginia M. Hernandez Covington on 7/2/2021. (AR)** (Entered: 07/02/2021) |
| 07/09/2021 | 70 | | REPLY to Response to Motion re 61 MOTION to Dismiss for Failure to State a Claim *Plaintiffs' Amended Complaint 48 and Memorandum of Law in Support* filed by Omegle.com LLC. (Attachments: # 1 Appendix)(Lay, Stacia) (Entered: 07/09/2021) |
| 09/09/2021 | 71 | | **ENDORSED ORDER directing Margaret E. Mabie to comply with the administrative procedures regarding electronic filing. It appears that counsel has not registered for CM/ECF access. Accordingly, the Court directs counsel to register for CM/ECF access by September 23, 2021. Signed by Judge Virginia M. Hernandez Covington on 9/9/2021. (TWL)** (Entered: 09/09/2021) |
| 09/09/2021 | 72 | | **ENDORSED ORDER directing Hillary Mara Nappi to comply with the administrative procedures regarding electronic filing. It appears that counsel has not registered for CM/ECF access. Accordingly, the Court directs counsel to register for CM/ECF access by September 23, 2021. Signed by Judge Virginia M. Hernandez Covington on 9/9/2021. (TWL)** (Entered: 09/09/2021) |

11

| 09/09/2021 | 73 | | **ENDORSED ORDER Striking Appearance: The Clerk is ordered to strike the appearance of James Thomas Prusinowski for failure to respond to the Doc. # 62 Order to Show Cause. Signed by Judge Virginia M. Hernandez Covington on 9/9/2021. (TWL)** (Entered: 09/09/2021) |
| 09/15/2021 | <u>74</u> | | **ORDER: Plaintiffs' amended complaint (Doc. # <u>48</u>) is sua sponte dismissed as a shotgun pleading. Plaintiffs may file a second amended complaint that is not a shotgun pleading by September 29, 2021. As the Court has dismissed the amended complaint as a shotgun pleading, Defendant Omegle.com LLC's Motion to Dismiss the Amended Complaint (Doc. # <u>61</u>) is denied as moot. Signed by Judge Virginia M. Hernandez Covington on 9/15/2021. (KMH)** (Entered: 09/15/2021) |
| 09/29/2021 | <u>75</u> | | SECOND AMENDED COMPLAINT against Omegle.com LLC with Jury Demand. filed by M. H., J. H.(Nappi, Hillary) **(Entered: 09/29/2021)** |
| 10/05/2021 | <u>76</u> | | Unopposed MOTION to File Excess Pages *for Defendant's Motion to Dismiss the Second Amended Complaint* by Omegle.com LLC. (Lay, Stacia) (Entered: 10/05/2021) |
| 10/05/2021 | 77 | | **ENDORSED ORDER granting <u>76</u> Unopposed Motion to File Excess Pages. Defendant's Motion to Dismiss the Second Amended Complaint shall not exceed 32 pages, inclusive of all parts. Signed by Judge Virginia M. Hernandez Covington on 10/5/2021. (SGM)** (Entered: 10/05/2021) |
| 10/13/2021 | <u>78</u> | | MOTION to Dismiss for Failure to State a Claim *Plaintiffs' Second Amended Complaint (Dkt. 75)* by Omegle.com LLC. (Attachments: # <u>1</u> Appendix A − Doe v. Reddit Order Granting MTD)(Lay, Stacia) (Entered: 10/13/2021) |
| 10/26/2021 | <u>79</u> | | Joint MOTION for Miscellaneous Relief, specifically Joint Motion for Order Extending Pending Case Schedule Deadlines by 60 Days by Omegle.com LLC. (Lay, Stacia) (Entered: 10/26/2021) |
| 10/26/2021 | 80 | | **ENDORSED ORDER denying <u>79</u> Motion. The Court has an independent obligation to move cases forward to conclusion and this request does not serve that goal. Furthermore, it is not necessary to extend the already generous deadlines to obtain reports. The request is denied. Signed by Judge Virginia M. Hernandez Covington on 10/26/2021. (Covington, Virginia)** (Entered: 10/26/2021) |
| 11/03/2021 | <u>81</u> | | MEMORANDUM in opposition re <u>78</u> Motion to Dismiss for Failure to State a Claim filed by J. H., M. H. (Mabie, Margaret) (Entered: 11/03/2021) |
| 11/08/2021 | <u>82</u> | | MOTION for Leave to File Other Document :Reply Memorandum in Response to Plaintiffs' Opposition to Defendant's Motion to Dismiss by Omegle.com LLC. (Lay, Stacia) (Entered: 11/08/2021) |
| 11/08/2021 | 83 | | **ENDORSED ORDER granting the motion for leave to file a reply. (Doc. # <u>82</u>). Reply, not to exceed 11 pages, due November 15, 2021. Signed by Judge Virginia M. Hernandez Covington on 11/8/2021. (DMD)** (Entered: 11/08/2021) |
| 11/15/2021 | <u>84</u> | | REPLY to Response to Motion re <u>78</u> MOTION to Dismiss for Failure to State a Claim *Plaintiffs' Second Amended Complaint (Dkt. 75)* filed by Omegle.com LLC. (Attachments: # <u>1</u> Appendix A)(Lay, Stacia) (Entered: 11/15/2021) |

| | | | |
|---|---|---|---|
| 12/16/2021 | 85 | | MOTION to Stay Discovery *Pending Decision on Motion to Dismiss* by Omegle.com LLC. (Attachments: # 1 Appendix Declaration of Stacia N. Lay)(Lay, Stacia) (Entered: 12/16/2021) |
| 12/20/2021 | 86 | | **ENDORSED ORDER denying 85 Motion to Stay Discovery. The Court has an obligation to move cases forward to resolution and staying a case while a motion to dismiss is pending does not serve that goal. Signed by Judge Virginia M. Hernandez Covington on 12/20/2021. (Covington, Virginia)** (Entered: 12/20/2021) |
| 12/28/2021 | 87 | | Unopposed MOTION for Kimberlee Gunning to appear pro hac vice, Special Admission fee paid, Receipt No. AFLMDC−19066725 for $150. *Defendant's Unopposed Motion for Admission Pro Hac Vice of Kimberlee Gunning* by Omegle.com LLC. (McGuire, James) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 12/28/2021) |
| 12/29/2021 | 88 | | **ORDER granting 87 Defendant's Unopposed Motion for Admission Pro Hac Vice of Kimberlee Gunning. Signed by Magistrate Judge Thomas G. Wilson on 12/28/2021. (DMS)** (Entered: 12/29/2021) |
| 01/06/2022 | 89 | | Joint MOTION for Miscellaneous Relief, specifically Joint Motion to Conduct Mediation By Remote Means by Omegle.com LLC. (Lay, Stacia) (Entered: 01/06/2022) |
| 01/10/2022 | 90 | | **ENDORSED ORDER: Defendant Omegle.com, LLC's Motion to Dismiss the Second Amended Complaint (Doc. # 75) is GRANTED. All Counts are DISMISSED without leave to amend. The Clerk is directed to terminate any deadlines, deny any outstanding motions as moot, and thereafter, close the case. Signed by Judge Virginia M. Hernandez Covington on 1/10/2022. (CTL)** (Entered: 01/10/2022) |
| 01/28/2022 | 91 | | NOTICE OF APPEAL as to 90 Order on Motion to Dismiss for Failure to State a Claim by J. H., M. H. Filing fee not paid. (Mabie, Margaret) (Entered: 01/28/2022) |

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

M.H. and J.H., on behalf of
their minor child C.H.,

     Plaintiffs,

v.                     Case No.: 8:21-cv-814-VMC-TGW

OMEGLE.COM, LLC,

     Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Omegle.com, LLC's Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on October 13, 2021. (Doc. # 78). Plaintiffs M.H. and J.H., on behalf of their minor child C.H., responded on November 3, 2021, (Doc. # 81), and Defendant replied on November 15, 2021 (Doc. # 85). For the reasons that follow, the Motion is granted.

**I.   Background**

The Second Amended Complaint asserts eight causes of action against Omegle for damages arising from 11-year-old C.H.'s distressing experience on the Omegle website. (Doc. # 75 at 15-29).

Omegle allows users to communicate with other users randomly and anonymously in real time by text, audio, and video. (Id. at ¶¶ 33-34). Interested users are placed in a chatroom hosted by Omegle and can begin communicating immediately. (Id.). No personal identifying information is required to begin a chatroom session, although Omegle also allows users to narrow their possible matches based on "similarities in conversations and subjects." (Id. at ¶¶ 34-37). Users are anonymously paired with other users from across the globe and can be paired with a new user in a new chatroom at will. (Id. at ¶¶ 33, 57).

The Omegle website is visited millions of times per day. (Id. at ¶ 14). As Omegle and similar websites have grown in popularity, so too have reports of child sex trafficking and victimization through those websites. (Id. at ¶¶ 13, 41 n. 8-9). Plaintiffs cite to articles reporting that numerous individuals have been charged with sex crimes against children for their use of Omegle and similar websites. (Id. at 41 n. 8-9). Omegle does not have a screening or verification process to ensure that minor children only use the site with parental guidance or consent — anonymity appears to be a primary appeal of the Omegle platform. (Id. at ¶¶ 33, 50-51). Omegle, like many websites, is susceptible to

hacking. (Id. at ¶ 38). According to Plaintiffs, sexual predators have taken advantage of the anonymity that Omegle offers to prey on other users, including children. (Id. at ¶¶ 39-41). Among these predators are "cappers," who trick children into committing sexual acts over live web feeds while simultaneously recording the encounters. (Id. at ¶ 4 n. 1).

On March 31, 2020, C.H. was randomly placed in a chatroom with a capper during her first time on Omegle. (Id. at ¶¶ 57-62). C.H. — an eleven-year-old girl at the time — accessed the Omegle platform from her laptop. (Id. at ¶ 57). She was initially placed in a chatroom with other minors for some time. (Id.). C.H. later ended the chat with the minors and was placed in another chatroom. (Id.). She was met in the next chatroom with a black screen that began displaying text from the other anonymous user, "John Doe." (Id. at ¶ 58). John Doe informed C.H. that he knew where she lived, and he provided specific details of her whereabouts to prove it. (Id. at ¶ 59). He threatened to hack C.H. and her family's electronic devices if she did not disrobe and comply with his demands. (Id. at ¶ 61). After pleading with John Doe without success, C.H. complied. (Id.). John Doe captured screenshots and recorded the encounter. (Id. at ¶¶ 61-62). Immediately

after this incident, C.H. informed her parents, who then contacted law enforcement. (Id. at ¶ 65).

C.H.'s parents then brought the instant suit against Omegle on their daughter's behalf. (Doc. # 1). This action began in the United States District Court for the District of New Jersey. (Id.). The case was then transferred to this Court, and Plaintiffs were ultimately permitted to file their Second Amended Complaint. (Id.; Doc. ## 74-75). Plaintiffs bring eight claims against Omegle: (1) possession of child pornography in violation of 18 U.S.C. § 2252A;[1] (2) violation of the Federal Trafficking Victims Protection Act, 18 U.S.C. §§ 1591 and 1595; (3) violation of the Video Privacy Protection Act, 18 U.S.C. § 2710; (4) intrusion upon seclusion; (5) negligence; (6) intentional infliction of emotional distress; (7) ratification/vicarious liability; and (8) public nuisance. (Id. at 15-29).

Omegle now moves to dismiss all claims for failure to state a claim. (Doc. # 78). Plaintiffs have responded, and

---

[1] The Second Amended Complaint lists this claim as a violation of 18 U.S.C. § 2255, which is a civil remedy statute that allows victims of enumerated crimes to sue for liquidated damages. (Doc. # 75 at 15). Plaintiffs assert entitlement to such damages for Omegle's violation of 18 U.S.C. § 2252A, an enumerated statute, for Omegle's alleged knowing possession of child pornography. (Id. at 15-16).

Omegle replied in turn. (Doc. # 81; Doc. # 84). The Motion is ripe for review.

## II.  **Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Hum. Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters

judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

**III.** **Analysis**

    **A.** **Immunity Under the Communications Decency Act**

Omegle claims that it is immune from each of Plaintiffs' claims pursuant to 47 U.S.C. § 230, the Communications Decency Act ("CDA"). (Doc. # 78 at 3). The CDA grants immunity to interactive computer services ("ICS") providers for damages caused by the providers' users. 47 U.S.C. § 230(c)(1). ICS providers are those who "provide[] or enable [] computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet . . . ." 47 U.S.C. § 230(f)(2).

By statute, ICS providers are distinguished from those who use their services — "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). ICS providers are further distinguished from information content providers ("ICPs"), who are responsible for the creation or development of information through the Internet or an ICS provider. 47 U.S.C. § 230(f)(3).

The CDA also preempts state or local law that would otherwise hold ICS providers liable for the independent actions of their users. 47 U.S.C. § 230(e)(3). "The majority of 'federal circuits have interpreted the CDA to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" Almeida v. Amazon.com, Inc., 456 F.3d 1316, 1321 (11th Cir. 2006) (quoting Zeran v. Am. Online, Inc., 129 F.3d 327, 330 (4th Cir. 1997)). The Florida Supreme Court has also recognized the CDA's broad preemptive effect. See Doe v. Am. Online, Inc., 783 So. 2d 1010, 1018 (Fla. 2001) ("We specifically concur that section 230 expressly bars 'any actions,' and we are compelled to give the language of this preemptive law its plain meaning.").

A defendant seeking to enjoy the immunity provided by Section 230 must establish that: (1) the defendant is a service provider or user of an interactive computer service; (2) the causes of action the treat defendant as a publisher or speaker of information; and (3) a different information content provider provided the information. Doe v. Reddit, Inc., No. SACV 21-00768 JVS (KESx), 2021 WL 5860904, at *3 (C.D. Cal. Oct. 7, 2021); Roca Labs, Inc. v. Consumer Op. Corp., 140 F. Supp. 3d 1311, 1319 (M.D. Fla. 2015). As such,

immunity applies unless an ICS provider creates, authors, or otherwise materially contributes to a publication such that the content "is properly attributable to them." Gilmore v. Jones, 370 F. Supp. 3d 630, 662 (W.D. Va. 2019) (internal citations omitted).

**B. Exceptions to Immunity Under the CDA**

Immunity under the CDA is not absolute. ICS providers are not insulated from civil liability for child sex trafficking offenses under 18 U.S.C. §§ 1591 and 1595 if the underlying conduct constitutes a violation of those statutes. 47 U.S.C. § 230(e)(5)(A-B). 18 U.S.C. § 1591, titled "Sex trafficking of children or by force, fraud, or coercion" instructs that

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1) . . .

18 U.S.C. § 1591(a)(1-2). The statute's civil remedy corollary, 18 U.S.C. § 1595(a-b), allows victims to pursue civil recovery against their perpetrators. However, courts

8

21

interpret 18 U.S.C. § 1591 to require actual knowledge and overt participation in a sex trafficking venture by the ICS provider — generalized knowledge without active participation is insufficient. See, e.g., Doe v. Kik Interactive, Inc., 482 F. Supp. 3d 1242, 1249-51 (S.D. Fla. 2020) (granting immunity to ICS provider where plaintiff failed to allege sufficient facts establishing actual knowledge or overt participation in under 18 U.S.C. § 1591); United States v. Afyare, 632 F. App'x 272, 286 (6th Cir. 2016) (interpreting 18 U.S.C. § 1591 to require actual participation in a sex trafficking venture). For the reasons discussed below, the Court finds that Omegle is entitled to immunity from each of Plaintiffs' claims.

### C. **Omegle is Entitled to Section 230 Immunity**

First, Omegle is an ICS provider under Section 230. That is, Omegle is a system that allows multiple users to connect to a computer server via the Internet. 47 U.S.C. § 230(f)(3). ICS providers are afforded immunity under the CDA unless they materially augment or develop the unlawful content at issue. See Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC, 521 F.3d 1157, 1167-68 (9th Cir. 2008) ("a website helps to develop unlawful content, and thus falls within the exception to section 230, if it contributes materially to the alleged illegality of the conduct.").

9

Indeed, Plaintiffs appear to acknowledge that Omegle is an ICS provider by arguing that "the rapidly evolving legal landscape . . . increasingly holds Internet Service Providers . . . liable for the harms they facilitate and oftentimes create." (Doc. # 81 at 1).

Nonetheless, a review of the factual allegations confirms that Omegle functions by randomly pairing users in a chatroom and enabling them to communicate in real time. (Doc. # 75 at ¶¶ 33-34). There are no factual allegations suggesting that Omegle authors, publishes, or generates its own information to warrant classifying it as an ICP rather than an ICS provider. Compare Doe v. Mindgeek USA Inc., No. SACV 21-00338-CJC(ADSx), 2021 WL 4167504, at *9 (C.D. Cal. Sept. 9, 2021) (finding that website was an ICP where it actively created programs, curated playlists, and developed private messaging systems to facilitate trafficking of child pornography) with Mezey v. Twitter, Inc., No. 1:18-cv-21069-KMM, 2018 WL 5306769, at *1 (S.D. Fla. July 17, 2018) (granting Twitter CDA immunity where it merely displayed, organized, and hosted user content). Nor are there any factual allegations that Omegle materially contributes to the unlawfulness of the content at issue by developing or augmenting it. See Roommates.com, 521 F.3d at 1167-68. Omegle

10

users are not required to provide or verify user information before being placed in a chatroom with another user. (<u>Doc. # 75 at</u> ¶¶ 37, 50-51). Further, some users, such as hackers and cappers, can circumvent Omegle's anonymity *using the data they themselves collect from other users* during their encounters. (<u>Id.</u> at ¶ 38). The Court is persuaded that Omegle's hosting capabilities for its users, coupled with its lack of material content generation, place it squarely within the definition of an ICS provider under <u>47 U.S.C. § 230(f)(2)</u>.

Regarding the second element of CDA immunity, Plaintiffs' claims seek to treat Omegle as a speaker or publisher of information. For CDA immunity to apply, Plaintiffs' claims must treat Omegle as the publisher or speaker of the complained of information that was provided by others. <u>See</u> <u>Barnes v. Yahoo!, Inc.</u>, <u>570 F.3d 1096, 1102-03</u> (9th Cir. 2009) (explaining that Section 230 shields websites from liability against "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online") (internal citations omitted); <u>Whitney Info. Network, Inc. v. Verio, Inc.</u>, No. 2:04-cv-462-JES-SPC, <u>2006 WL 66724</u>, at *3 (M.D. Fla. Jan. 11, 2006) (finding that tortious interference with a business relationship and defamation claims treated the website as the publisher of

11

24

offensive statements). Courts will find this element to be satisfied where a plaintiff's claim alleges that an ICS provider should have screened or filtered information provided by their users. See Green v. Am. Online, 318 F.3d 465, 471 (3d Cir. 2003) (finding the second element satisfied where plaintiff "attempt[ed] to hold [a defendant] liable for decisions relating to the monitoring, screening, and deletion of content," which are "quintessentially related to a publisher's role."); Ben Ezra, Weinstein, and Co. v. Am. Online, Inc., 206 F.3d 980, 986 (10th Cir. 2000) (upholding immunity for ICS provider where plaintiff sought damages caused by their reliance on third party's inaccurate stock postings).

Here, Counts I, II, III, IV, and VI seek to hold Omegle responsible for the conduct of cappers like John Doe who criminally misappropriate the site. Plaintiffs' child pornography claim asserts that Omegle knowingly possessed child pornography that was generated on its platform. (Doc. # 75 at ¶¶ 31-37, 41-42, 75). Their child sex trafficking claim alleges that Omegle created a forum that harbored, enticed, and solicited child sex trafficking. (Id. at ¶¶ 83-87). (Id. at ¶¶). The intrusion upon seclusion and intentional infliction of emotional distress claims in turn posit that

12

(1) Omegle designed a website that allows users' personal identifying information to become compromised, and that (2) Omegle knowingly paired C.H. with a capper, causing her extreme emotional distress. (Id. at 20-22, 25-56). Lastly, the Video Privacy Protection Act claim seeks to hold Omegle liable for John Doe's commandeering of C.H.'s personal identifying information. (Id. at 19-20). Each of these claims seek redress for damages caused by John Doe's conduct. (Id. at 15, 17, 20, 25). No well-pleaded facts suggest that Omegle had actual knowledge of the sex trafficking venture involving C.H. or that Omegle had an active participation in the venture. Cf. Mindgeek, 2021 WL 4167504, at **9-10 (finding plausible 18 U.S.C. §§ 1591 and 2252A claims where plaintiff alleged that website reviewed, approved, posted, and featured certain child pornography videos on its platform while also sharing profits with sex traffickers). Instead, Plaintiffs acknowledge that Omegle is not impervious to attack — hackers can screenshot their activity with other users and use those screenshots to obtain others' personal identifying information. (Doc. # 75 at ¶ 38). These factual allegations, compounded with the details of C.H.'s encounter with John Doe, ultimately serve to support Plaintiffs' position that Omegle should be held responsible for John Doe's conduct.

Herrick v. Grindr LLC, 765 F. App'x 586, 591 (2d Cir. 2019)
(dismissing failure to warn and emotional distress claims
against ICS provider for damages caused by another user);
Caraccioli v. Facebook, Inc., 700 F. App'x 588, 590 (9th Cir.
2017) (dismissing intrusion upon seclusion claims); Klayman
v. Zuckerberg, 753 F.3d 1354, 1357-59 (D.C. Cir. 2014)
(dismissing negligence and assault claims).

The other claims, Counts V, VII, and VII, confirm that
Plaintiffs' theories of liability against Omegle are rooted
in the creation and maintenance of the platform. These claims
recognize the distinction between Omegle as an ICS provider
and the users, but nonetheless treat Omegle as the publisher
responsible for the conduct at issue. Yahoo!, 570 F.3d at
1101-02. This is corroborated in no small part by Count VII,
the "ratification/indemnification" claim, where Plaintiffs
maintain that child sex trafficking was so pervasive on and
known to Omegle that it should be vicariously liable for the
damages caused by the cappers and similar criminals.[2] (Doc.

---

[2] As Omegle highlights in their Motion, ratification/vicarious
liability is not an independent cause of action. See Barabe
v. Apax Partners Europe Managers, Ltd., 359 F. App'x 82, 84
(11th Cir. 2009) (explaining that "[t]heories of vicarious
liability, however, are not independent causes of action;
instead, they are theories of liability for other claims."").
Count VII fails as a matter of law on this ground alone, and

14

# 75 at ¶¶ 142-143). Through the negligence and public nuisance claims, Plaintiffs allege that Omegle knew or should have known about the dangers that the platform posed to minor children, and that Omegle failed to ensure that minor children did not fall prey to child predators that may use the website. (Id. at ¶¶ 112, 148).

The CDA bars such claims as they seek to redirect liability onto Omegle for the ultimate actions of their users. See, e.g., Bauer v. Armslist, LLC, No. 20-cv-215-pp, 2021 WL 5416017, at **25-26 (E.D. Wis. Nov. 19, 2021) (dismissing, among others, negligence, public nuisance, aiding and abetting tortious conduct, and civil conspiracy claims, against ICS provider website that was used to facilitate unlawful firearm sales); Kik, 482 F. Supp. 3d at 1249-50 (website where users solicited plaintiff for sexual photographs was immune from sex trafficking, negligence, and strict lability claims where website only enabled user communication); Poole v. Tumblr, Inc., 404 F. Supp. 3d 637, 642-43 (D. Conn. 2019) (content hosting website entitled to immunity from invasion of privacy and negligent infliction of emotional distress claims); Saponaro v. Grindr, LLC, 93 F.

---

Plaintiffs have not offered a response in support of Count VII's viability.

15

Supp. 3d 319, 325 (D. N.J. 2015) (dismissing "failure to police" claim against ICS provider under Section 230). Regardless of form, each of Plaintiffs' claims ultimately seek to treat Omegle as a publisher or speaker, which are encompassed within Section 230 immunity.

As for the third element for immunity under the CDA, the Court readily gleans that the information and content at issue here was in fact generated by a separate content provider, John Doe. The Second Amended Complaint recounts that C.H.'s injuries were caused by John Doe during their chatroom encounter. (Doc. # 75 at ¶¶ 54-62). John Doe's video feed, his brandishing of C.H.'s personal identifying information, and the threats he subjected her to were not provided by Omegle in any sense. (Id.). See Kik, 482 F. Supp. 3d at 1248-49. Merely providing the forum where harmful conduct took place cannot otherwise serve to impose liability onto Omegle. Klayman, 753 F.3d at 1358.

In short, the Court finds that Omegle is entitled to immunity under CDA Section 230 because (1) it is an ICS provider under the CDA, (2) Plaintiffs' claims seek to treat Omegle as a publisher or speaker, and (3) the information at issue originated from another information provider, John Doe. Counts I through VIII are barred under the CDA and are hereby

16

dismissed. The Court writes separately to address whether
Count II has been sufficiently pled to escape immunity under
the CDA.

### D. **The Sex Trafficking Claim**

Count II asserts a claim for civil liability for Omegle's
alleged involvement in a child sex trafficking venture under
18 U.S.C. §§ 1591 and 1595. (Doc. # 75 at 15-16).
Notwithstanding Section 230 immunity, the CDA does permit
suits against ICS providers for violations of 18 U.S.C. §§
1591 and 1595 under narrow circumstances. Congress enacted
the CDA to "encourage service providers to self-regulate the
dissemination of offensive material over their service," and
allow "computer service providers to establish standards of
decency without risking liability for doing so." NetChoice,
LLC v. Moody, No. 4:21cv220-RH-MAF, 2021 WL 2690876, at *6
(N.D. Fla. June 30, 2021) (internal citations omitted).
Congress did not, however, alter a sex trafficking victim's
ability to bring suit against an ICS provider for harm
suffered *from the ICS provider's involvement* in the
underlying venture. See J.B. G6 Hosp., LLC, No. 19-cv-07848-
HSG, 2021 WL 4079207, at *12 (N.D. Cal. Sept. 8, 2021)
(holding that 18 U.S.C. § 1591 could not surmount CDA immunity

unless plaintiff alleged an ICS provider's actual knowledge or participation in a sex trafficking venture).

As analyzed in the recent decision of Doe v. Kik Interactive, Inc., the legislative history of the CDA confirms that generalized knowledge that sex trafficking occurs on a website is insufficient to maintain a plausible 18 U.S.C. § 1591 claim that survives CDA immunity. 482 F. Supp. 3d 1242, 1250 n. 6 (S.D. Fla. 2020). The plaintiff in Kik alleged that multiple users on the Kik website solicited her for sexually explicit photographs. Id. at 1244. She then brought claims against Kik for violations of 18 U.S.C. §§ 1591, 1595, negligence, and strict liability. Id. at 1245-46, 1251. The Kik court found that Kik would not be immune from suit only if it were alleged that Kik had actual knowledge of the underlying incident and had some degree of active participation in the alleged sex trafficking venture. Id. at 1250-51. The Kik plaintiff did not assert actual knowledge or overt participation on behalf of Kik, and instead asserted that Kik had general knowledge of other sex trafficking incidents on the website. Id. at 1251. Thus, the Kik court found that Kik was entitled to Section 230 immunity because plaintiff had not plausibly alleged a claim that would surmount Section 230 immunity. Id.; see also Reddit, 2021 WL

18

5860904, at *8 (dismissing 18 U.S.C. § 1591 claim for failure to plead that ICS provider knowingly participated in a sex trafficking venture).

Just as in Kik, Plaintiffs here assert that Omegle had knowledge of prior instances of sex trafficking and knew that the platform had been used as a sex trafficking tool in the past. (Doc. # 75 at ¶¶ 39-43). They submit that this generalized knowledge is sufficient to place their 18 U.S.C. §§ 1591 and 1595 claims outside the bounds of CDA immunity. (Doc. # 81 at 5-6). Yet, just as in Kik, the asserted claims against Omegle are premised upon general, constructive knowledge of past sex trafficking incidents. (Doc. # 75 at ¶ 83) ("[Omegle] knowingly benefited from participation in what it knew or should have known was a sex trafficking venture . . . ."). The Second Amended Complaint fails to sufficiently allege Omegle's actual knowledge or overt participation in the underlying incident with John Doe. The generalized knowledge of past instances of sex trafficking are not enough to satisfy an exception to immunity. Reddit, 2021 WL 5860904 at *8; Kik, 482 F. Supp. 3d at 1251; see also Afyare, 632 F. App'x at 288 (interpreting 18 U.S.C. § 1591 to require actual participation in a sex trafficking venture rather than only requiring generalized knowledge of a venture).

19

Without allegations that Omegle had actual knowledge of, or overtly participated in the sex trafficking venture by John Doe, Plaintiffs fail to state a plausible sex trafficking claim that would escape CDA 230 immunity.

**E. Leave to Amend**

For the reasons explained above, each of Plaintiffs' claims must be dismissed. As posed in Plaintiffs' response, Plaintiffs ultimately seek to hold Omegle liable for the actions of John Doe. See (Doc. # 81 at 1) ("the rapidly evolving legal landscape . . . increasingly holds Internet Service Providers . . . liable for the harms they facilitate and oftentimes create."). Neither in their response to Omegle's Motion, nor at any time after have Plaintiffs moved for leave to amend the Second Amended Complaint. Despite Omegle's prior two motions to dismiss under the CDA, Plaintiffs do not provide any additional arguments or authority suggesting that their claims would otherwise survive CDA immunity. While leave to amend is typically granted, amendment in this case would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant."). Plaintiffs have had

20

multiple opportunities to assert claims that avoid the CDA's grant of immunity but have been unable to do so.

## IV.  Conclusion

Congress has instructed that claims for harm suffered at the hands of other users, without more, cannot justify redirecting liability to the forum where the harm took place. While the Court sympathizes with Plaintiffs over the harm C.H. suffered while using Omegle, the Court finds that they have nonetheless failed to plead claims that withstand Omegle's Section 230 Immunity.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant Omegle.com, LLC's Motion to Dismiss the Second Amended Complaint (Doc. # 75) is **GRANTED.** All Counts are **DISMISSED** without leave to amend.

(2)  The Clerk is directed to terminate any deadlines, deny any outstanding motions as moot, and thereafter, close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

21

34

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

M.H. and J.H.,
on behalf of their minor child C.H.,

                                    Plaintiffs,

        v.

OMEGLE.COM, LLC,

                                    Defendant.

Case No. 8:21–cv–814–VMC–TGW

**NOTICE OF APPEAL**

        Notice is hereby given that the Plaintiffs in the above–named

case, M.H. and J.H. on behalf of their minor child C.H., by and through

counsel, hereby appeal to the United States Court of Appeals for the

Eleventh Circuit from the Order of this Court entered in this action on

January 10, 2022 (Document 90).

Dated this 28th day of January 2022.

**HACH ROSE SCHIRRIPA &
CHEVERIE, LLP**

by_____/s/ Hillary Nappi_____
Frank R. Schirripa, Esq. *Pro Hac Vice*
Hillary M. Nappi, Esq. *Pro Hac Vice*
112 Madison Avenue, 10th Floor
New York, New York 10016
Phone: 212–213–8311
Email: hnappi@hrsclaw.com

**MARSH LAW FIRM PLLC**

by_____/s/ Jennifer Freeman_____
Jennifer Freeman, Esq.,
Florida Attorney Registration No. 1014236
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Email: JenniferFreeman@marsh.law

by_____/s/ Margaret E. Mabie_____
Margaret E. Mabie, Esq. *Pro Hac Vice*
31 Hudson Yards, 11th Floor
New York, New York 10001
Phone: 212–372–3030
Email: MargaretMabie@marsh.law

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I caused a copy of

Plaintiffs' Notice of Appeal to be served upon counsel of record for the

Defendant *via* email and the Court's ECF system.

_____/s/ Margaret E. Mabie_____

2